*In the Matter of the Application of* FRANK McMASTER *for a Writ of Habeas Corpus.*

1 HABEAS CORPUS—*Writ—By Whom Issued*—A writ of *habeas corpus* may be issued by a judge of the district court, or by any judge of the supreme court, or by order of any judge of the supreme court, by the clerk thereof, or it may be issued by order of the district court or the supreme court, by the clerk thereof

2. HABEAS CORPUS—*Writ—When a Process of the Supreme Court*—When a writ of *habeas corpus* is issued by the clerk of the supreme court, by order of any of the judges, it is then the process of the supreme court, and the supreme court may recall the same and arrest an order made in the case, and remand the prisoner.

In re McMaster, Petitioner.

3. HABEAS CORPUS — *Writ* — *Contempt* — *When May Not Discharge from Imprisonment* — Section 699, chapter 66, page 881, general section 4578, of the laws of Oklahoma, 1893, provides: "No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * Third: For any contempt of any court, officer or body having authority to commit; * *. *Held:* A judge of the supreme court may not release a petitioner who is held in custody under a commitment issued upon a judgment holding him guilty of a contempt of the district court.

*Original Proceeding in Habeas Corpus.*

*B. E. Green* and *S. L. Overstreet,* for petitioner.

*J. H. Woods, County Attorney, Huger Wilkinson* and *J. C. Strang,* contra.

The opinion was rendered orally, April 10, 1894, for the court by

BIERER, J.:   This case is an application for a writ of *habeas corpus* that was presented to the Hon. John H. Burford, associate justice of the supreme court of of Oklahoma Territory, asking the discharge of Frank McMaster, who was held under the process of the district court of Oklahoma county, Oklahoma Territory, issued upon the judgment of the district court of Oklahoma county, holding the said Frank McMaster in contempt of the court by reason of a certain petition filed by the said Frank McMaster in the probate court of Oklahoma county, Oklahoma Territory, setting up, among other things, certain charges against the Hon. Henry W. Scott, judge of the Third judicial district.   Among other matters stated in this petition are the following, referring to an order made by the Hon. Henry W. Scott, judge of said district court:

"That said last order aforesaid was issued wilfully and corruptly by said Henry W. Scott because of an immoral and dishonest conspiracy between the said

Henry W. Scott, judge, and other parties, to prevent the disclosure of dishonest official acts of said Scott and his pro-conspirators, as officials of the Territory of Oklahoma.

"That said Henry W. Scott has wilfully, corruptly and dishonestly conspired with other parties to prose-cute and injure said plaintiffs, to destroy their business and prevent the legal and proper use of their own property; that said writs and restraining orders against said plaintiffs were issued in pursuit and by reason of said conspiracy, and without legal right against plaintiffs, and to prevent them from publish-ing the illegal, dishonest and unfair acts of said con-spirators, and that in all of said proceedings, hear-ings and trials aforesaid, the said Henry W. Scott, judge, has been insolent, tyrannical and unfair in his treatment of plaintiffs, and shown the grossest prejudices against their interest. By reason of all the said acts the plaintiffs have beed damaged in the sum of nine hundred dollars.

"Wherefore, they pray judgment in the sum of nine hundred dollars and costs herein.

"FRANK McMASTER, Attorney for Plaintiff."

A complaint was filed in the district court, charg-ing a commission of a contempt of the district court, against Frank McMaster, in filing his petition. When that came up for hearing certain other proceedings were had in the district court of Oklahoma county as to the contempt of the district court committed at that time by the petitioner, and among other things in said cause the district court found:

"The court further finds that the said defendant, Frank McMaster, wilfully, maliciously, unlawfully and corruptly on the 2d. day of April, A. D. 1894, in the presence of the court, in open court, then in ses-sion, in presenting his defense as set forth in the an-swer of said defendant, Frank McMaster, and the argument of the said Frank McMaster delivered in open court at said time and place, was insolent, boisterous, contemptuous, anarchistic and defiant in the presentation of the same, and that he failed to

show respect in any sense of the term to the court be-
fore which he was arraigned, and used and employed
language wholly unbecoming an attorney and coun-
selor, and an officer of the court, for which the court
has entered an order, suspending him from practice."

In this same proceeding, Frank McMaster was ad-
judged guilty of the commission of a contempt of the
district court of Oklahoma county and the sentence
imposed upon him for such unlawful act, was that he
be committed to the jail of Oklahoma county, for the
period of six months, and pay a fine in the sum of five
hundred dollars.    He was committed upon this judg-
ment.

Thereafter this application for a writ of *habeas cor-
pus* was made to Hon. John H. Burford, associate jus-
tice of the supreme court of the Territory of Okla-
homa, and this judgment and these findings we have
read and refered to were made a part of the return of
the officer to this writ.    The Hon. John H. Burford,
associate justice, on the return of the writ, after hear-
ing a demurrer to the return and overruling it, made
an order continuing the matter until the 21st day of
April, 1894, and ordered, in the meantime, practi-
cally, that the judgment of the district court of Okla-
homa county so made, and upon the commitment upon
which the said Frank McMaster was held, should be
suspended, and he be, practically, given his liberty
without a hearing, and without a determination upon
the writ of *habeas corpus*

An application is now made to this court, by the
territory, for a modification of that order of the Hon.
John H. Burford, associate justice, and to that appli-
cation the objection is raised, (and that is the only
matter that is now presented,) that the supreme court
of the Territory of Oklahoma has no jurisdiction to
consider that matter, the matter being a proceeding
pending entirely before the Hon. John H. Burford, as

associate justice of the supreme court of the Territory of Oklahoma.

A part of § 9 of the Organic Act of this territory provides:

"The said supreme and district courts of said territory, and the respective judges thereof, shall and may grant writs of *mandamus* and *habeas corpus* in all cases authorized by law."

Section 690, of the code of civil procedure, under the *habeas corpus* act, provides:

"Writs of *habeas corpus* may be granted by any court of record in term time, or by a judge of any such court, either in term or vacation; and upon application the writ shall be granted without delay."

Section 697 provides: "The court or judge, if satisfied of the truth of the allegation of sickness or infirmity, may proceed to decide on the return, or the hearing may be adjourned, * * *" among other matters contained in said section.

Section 698 provides:

"The court, or judge, shall thereupon proceed in a summary way to hear and determine the cause; and if no legal cause be shown for the restraint, or for the continuance thereof, shall discharge the party."

Section 699 provides:

"No court, or judge, shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the following cases: First, upon process issued by any court, or judge, of the United States, or where such court, or judge, has exclusive jurisdiction; or, second, upon any process issued on any final judgment of a court of competent jurisdiction; or, third, for any contempt of court, officer or body having authority to commit; but an order of commitment as for a contempt, upon proceedings to enforce the remedy of a party, is not included in any of the foregoing specifications; fourth, upon a warrant or commitment issued from the district court, or any

court of competent jurisdiction, upon an indictment or information."

Section 710 provides:

"All writs and other process, authorized by the provisions of this article, shall be issued by the clerk of the court, and, except summons, sealed with the seal of such court, and shall be served and returned forthwith, unless the court or judge shall specify a particular time for such return. And no writ or other process shall be disregarded for any defect therein, if enough is shown to notify the officer or person of the purport of the process. Amendments may be allowed, and temporary commitments, when necessary."

It is the view of the court in this case, that under the Organic Act and the statutes upon this question, a writ of *habeas corpus* may be issued by a judge of the district court, or by any judge of the supreme court, or it may issue, by the order of the judges, by the clerk of the court, or it may be issued by order of the district court, or supreme court, by the clerk thereof.

In this case the writ of *habeas corpus* might have been issued by Hon. John H. Burford, not in the supreme court, but by him alone as a judge of the supreme court, and there would then be no proceedings pending in the supreme court. In this case it is issued by Hon. John H. Burford in the supreme court, and the writ issued is a writ issuing out of the supreme court, and not issuing from Hon. John H. Burford in his separate capacity, independently from the supreme court.

It is proper for us to say, at this time, that the court considers this a very nice question, indeed, and one about which lawyers and judges may very properly differ. Different views may be taken upon this question of jurisdiction, and of the respective jurisdictions, and as to whether or not the jurisdiction which may be exercised by a judge of the supreme court is absolutely distinct from that which may be exercised by

the court itself. We think, however, in this case, that
the process of the supreme court of the territory is
called in requisition. We think that whatever doubt
there may be in the matter in this most extreme case
should be resolved in behalf of good government for
the people of Oklahoma Territory, and for the proper
carrying out of the judicial proceedings.

The record here shows a most scandalous state of
affairs: It shows on the part of a citizen of the Terri-
tory of Oklahoma an absolute disregard for the high-
est and best offices that exist in our territory; it shows
a state of affairs which, if permitted to exist and con-
tinue, means nothing but an enlightened and intelli-
gent anarchy, if it might be expressed in that way,
and we believe there is no question whatever, at this
time, that the court, in the absence of precedents to
guide and enlighten us in this matter, should place
the balance of judgment on that side which will up-
hold the institutions of government in our territory,
and not permit the highest and most sacred of all our
institutions of government to be thus disregarded and
trampled in the dust.

Under the findings of the district court, no other
judgment than that of contempt could possibly be ren-
dered. If such things may be done, and the offending
party be immediately discharged from an imprison-
ment ordered in pursuance of that judgment, then we
are at sea, without rudder and without compass, and
may only expect our courts, our institutions of the
highest character, and which we should require to be
held sacred, to be broken down by whomsoever may
please.

In this case, also, we think that an order which
amounts to a temporary release from imprisonment,
cannot be sanctioned by this court, under § 699, of the
code of civil procedure, and that part which refers to
this case, in which it states that no party shall be

released upon any process, for the commission of any contempt of any court, officer or body having authority to commit; and, before the last statement, is the one that they shall not be released upon any process issued upon any final judgment of a court of competent jurisdiction.

We hold that the process of the supreme court of this territory is invoked in this matter; that this is a writ issuing out of this court, and that the court has the power, the right, and therefrom is evolved the court's duty, to control its own process and to arrest its own mandate when evident and manifest wrong will be done if that arresting hand is not placed upon the writ about to be issued.

The petitioner, not being held in custody under a committment issued upon a judgment that the petitioner was guilty of a contempt of the district court of Oklahoma county, under § 699, chap. 66, general section 4578, laws of Oklahoma, 1893, a judge of the supreme court would have no right to release from such imprisonment.

We cannot assent to the doctrine at this time that the supreme court of this territory would be powerless to act in a case where it might appear that parties committing high offenses against the law could be discharged in apparent want of consideration at least, of this section of the statute.    For these reasons we hold that the court has jurisdiction in this matter, and that being the only question raised, we sustain the motion of the territory, and order the party re-committed to the jailor and sheriff of Oklahoma county, in pursuance of the judgment of the district court there.

DALE, C. J.: I will say, in addition to what Justice Bierer has said, that this case seems to require of the court an expression of approval or confidence in the

acts of the district judge of Oklahoma county, and that, so far as we could we have felt it to be our duty, to maintain the dignity and the authority of the district court of Oklahoma county. We each feel that we have the same interest in maintaining the dignity and high standing of the different courts of this territory, as we do of our own. I find some difficulty in coming to the conclusion reached, but, as Justice Bierer has expressed it, these doubts have resolved themselves in favor of the maintenance of our courts and the respect which we think is due to those courts.

We agree that, under the Organic Act, the judges of the supreme court may exercise independent jurisdiction, but they must so act. Each member cannot, in the exercise of independent jurisdiction, act as the arm of the court and use the process of this supreme court, and still maintain the independent character of the act.

I might further state that this same question was before the supreme court in the matter of the *mandamus* proceeding, issued by Judge Scott, as an associate justice of the supreme court, in the case of *The Territory ex. rel. Carruthers vs. Quien.* The question was presented to me at that time as to the power of the court to arrest its own process, and I acted in that instance upon the theory that, where the process of the court was involved by one of its arms, that such act gave the court jurisdiction. In that instance the court modified the order of Judge Scott, who had granted a peremptory writ of *mandamus*, and made it an alternative writ. That decision had the sanction of Judge Burford and a majority of the court. We felt that the supreme court should, in the exercise of the powers reposed in the court, where process issued out of the court, and where it was sought to use the court or an arm of the court for the purpose of carrying into effect a judgment which the majority of the

court might think ought not to be carried into effect, that the court should arrest that process, and we so acted in that case.

This decision is in entire harmony·with the decision in that case, and with the action of the court in that case, and we have that precedent to guide us now. I concur in the statement made by Judge Bierer as to the gravity of the case now before us, and as to the necessity of the court acting in this matter and resolving all doubts in favor of the legality and proper course of our proceedings.

McAtee, J., concurring; Scott, J. and Burford, J., not sitting.