L. B. CROOMS, PLAINTIFF IN ERROR, v. C. FRED SCHAD, AS
MARSHAL, DEFENDANT IN ERROR.

MUNICIPAL ORDINANCE—POWER TO ENACT—SEPARA-
TION OF RACES ON STREET CARS—EXCEPTING NURSES
OF CHILDREN AND INVALIDS—HABEAS CORPUS.

1. The writ of *habeas corpus* is a writ of right, and is some-
times issued upon very informal application. There is no
such practice as that of moving to quash such writ because
of formal defects in the petition upon which it was issued.
The inquiry in such cases is not as to the technical form-
ality of the showing made to the court for the issuance of
the writ, but as to the legality of the alleged detention of
the prisoner. In such inquiry the parties are not confined
to the matters specifically set forth in the petition for the
writ, but may go outside of these and enquire into any
matter that affects the legality of the detention.

2. Section 18 of Chapter 4513, Laws of Florida, of 1895, that
provides as follows: "The council shall have power to
pass, for the government of the city, any ordinance not
in conflict with the Constitution of the United States, the
Constitution of Florida and the statutes thereof," author-
izes the municipality of Pensacola to adopt and enforce an
ordinance requiring a separation of the races on the street
cars in such city. And section 17 of said Chapter of the
laws providing that: "The council shall have power to
pass ordinances imposing fines not exceeding five hundred
dollars for any designated misdemeanor, or imprisonment
for not exceeding sixty days or both," gives to the city
authority in such an ordinance to prescribe any penalty
for its violation that is within the limits imposed by said
section of the law.

3. An exception of nurses in charge of children and invalids
from the operation of a city ordinance requiring under
penalties the separation of the races on street cars in the
city, is a proper and reasonable classification, and does not
render such ordinance invalid, unjustly discriminative or
unreasonable.

4. The findings of the court upon other questions decided in the case of Andrew Patterson v. Isham Taylor, disposed of at the present term, held to be fully decisive of the same questions involved in this case.

This case was decided by the Court En Banc.

Writ of Error to the Circuit Court for Escambia County.

### STATEMENT.

The City Council of the City of Pensacola on September 27th, 1905, adopted the following ordinance:

"An Ordinance to be Entitled

An Ordinance to Require Street Car Companies and Others Operating Street Cars along the Streets of the City of Pensacola to furnish separate Cars, or Divisions in Cars, or Other Provisions for the Separation of White and Colored Passengers.

*Be it ordained by the Mayor and City Council of the City of Pensacola:*

Section 1. That all persons, companies, or corporations operating street car lines in the city of Pensacola shall furnish separate accommodations for white and colored passengers. A failure to comply with these provisions shall subject the persons so offending to a fine of twenty-five dollars, or imprisonment for sixty days.

Section 2. That every street car company, or person operating a street car line along or upon the streets of the City of Pensacola shall make provisions, rules and

regulations for the separation of white passengers from colored passengers by separate cars or fixed divisions or movable screens or other method of division in the cars of such lines. A failure or refusal by any such street car company or other person to make such provisions, rules or regulations, shall be punished by a fine not to exceed fifty dollars for each offense, each day of such failure or refusal shall constitute a separate offense.

Section 3. That conductors or other employes in charge of such cars shall assign passengers to their respective car or division provided by said companies or persons under the provisions of this act.

Section 4. That any passenger wilfully occupying any car or division of car other than that to which he has been assigned as aforesaid, shall be punished by a fine not to exceed twenty-five dollars or by imprisonment not to exceed thirty days. Conductors or other employes in charge of such cars or divisions of cars may eject therefrom any passenger who wilfully occupies any car or division other than that to which he has been assigned.

Section 5. If any conductor or other employe having charge of any such car shall permit white and colored passengers to occupy the same car in case separate cars are provided, or divisions in case separate cars be not provided, he shall be punished by fine not to exceed fifty dollars or imprisonment not to exceel sixty days.

Section 6. That nothing in this ordinance shall be construed to prevent the running of extra or special cars for the exclusive accommodation of either white or colored passengers, if regular cars for the accommodation of both white and colored passengers are operated as required by this ordinance, and run at such intervals of time as is now or may hereafter be required by ordinances of the city.

Section 7. That nothing in this ordinance shall be construed to apply to nurses attending children, or invalids, of the other race.

Section 8. That all ordinances and parts of ordinances in conflict herewith be and the same are hereby repealed.

Section 9. That this ordinance shall take effect fifteen days after its passage and approval.

Passed over Mayor's Veto,<br>September 27th, 1905.

Passed August 23, 1905.

Attest:

  C. E. Merritt, Clerk."

For a violation of this ordinance the plaintiff in error, hereinafter referred to as the petitioner, was tried, convicted and sentenced in the municipal court of said city. He then filed his petition in the Circuit Court for Escambia county for a writ of *habeas corpus,* in which petition he alleges that his detention and imprisonment are unlawful, because the said ordinance, for violation of which he was convicted, is unconstitutional and void: ·

1st. Because the city council of the city of Pensacola, Florida, had no authority or power under its charter to enact said ordinance.

2nd. Because said ordinance is unreasonable and unnecessary.

3rd. Because section 2 of said ordinance is vague and uncertain and attemps to delegate to persons and corporations power and authority to make laws, rules and regulations governing the separation of the races on street cars.

4th. Because said ordinance is a violation of Article 3, section 20, Constitution of Florida, in that section 7 of said Ordinance is purely class legislation and violates

the provisions of the 14th Amendment of the Constitution of the United States.

5th.   Because said ordinance as operated by the street car companies is a denial to petitioner of the equal protection of the law, in that said ordinance is so enforced and operated as to compel petitioner and all other colored persons, your petitioner being a colored person, at all times while passengers on street cars, to sit and ride in the rear end of said car, while white passengers are allowed to ride at all times in the front end of the car, and that said rear end of the car does not afford to petitioner equal facility of ease and comfort and deprives him and all other colored persons, while passengers, of the benefit of pure, fresh air, on account of being forced to ride in the rear as aforesaid; and being thus forced to ride in the rear as aforesaid brands petitioner and his race as an inferior race, and this discrimination against petitioner and his race is entirely on account of his race and previous condition of servitude.

Because of the absence from the county of the Circuit Judge the writ of habeas corpus was issued by a court commissioner (Section 14, Art. V, Constitution of Florida of 1885), and at the hearing of same before said commissioner the petitioner was remanded to the custody of the City Marshal, and his application for discharge from custody denied.   Afterwards the petitioner presented the matter to the Circuit Judge of Escambia county on motion to vacate, annul and set aside the order made therein by said court commissioner.   Upon argument the Circuit Judge denied this motion and confirmed the order of the said court commissioner, and granted writ of error from this court.   The case is now before us on such writ of error.

*Wetmore & Purcell,* for Plaintiff in Error.

*Jno. B. Jones* and *J. Campbell Avery, Jr.,* for Defendant in Error.

TAYLOR, J., (*after stating the facts.*)   At the hearing before the court commissioner the respondent Marshal, moved to quash the writ of *habeas corpus* upon the grounds:

1st.  The petition upon which said writ was issued does not set forth facts which show sufficient probable cause for the granting of said writ.

2nd.  The facts alleged in the petition upon which said writ was issued show affirmatively that petitioner is not entitled to the relief prayed.

This motion to quash the court commissioner denied, but afterwards made an  order, as already  stated, remanding the petitioner to custody and denying his application for discharge from custody.  It is contended here that this motion to quash was equivalent to a demurrer to the petition, and that upon its denial the petitioner should have been discharged, as such demurrer was an admission of the truth of all the facts set up in the petition.

This contention is without merit.  We know of no such practice as that of moving to quash a writ of *habeas corpus* because of defects in the petition upon which it was issued.  The inquiry in such cases is not as to the technical formailty of the showing made to the court for the issuance of the writ, but as to the legality of the alleged detention of the prisoner.  In such inquiry the parties are not limited to the  matters specifically  set forth in the petition for the writ, but may go outside of

13 S. C.

these and enquire into any matter that affects the legality of the detention. The writ of habeas corpus is a writ of right and is sometimes issued upon very informal application. In the history of this court such a writ was issued by this court upon receipt by it of an informal letter from a colored prisoner in jail, and upon the hearing he was discharged from custody. Ex Parte Pells, 28 Fla. 67, 9 South. Rep. 833. But however this may be, even if the commissioner erred in denying the motion to quash the writ of *habeas corpus*, he was at liberty afterwards to correct the error by remanding the prisoner as he did do, and the petitioner was not damnified by such subsequent correction.

It is contended that the City Council had no authority to enact the questioned ordinance. This contention is untenable. Section 18 of Chapter 4513 Laws of 1895, that embraces the charter of said City of Pensacola, provides as follows: "The council shall have power to pass, for the government of the city, any ordinance not in conflict with the constitution of the United States, the constitution of Florida, and statutes thereof." Section 17 of the same chapter provides that: "The council shall have power to pass ordinances imposing fines not exceeding five hundred dollars for any designated misdemeanor, or imprisonment for not exceeding sixty days or both." Under these two sections we think it clear that said city was empowered to enact and to enforce the questioned ordinance.

It is next contended that section seven of the ordinace excepting nurses in charge of children or invalids of the other race from the provisions of the ordinance is an unreasonable classification of persons. The main purpose of the ordinance is to separate the races on street cars, but that this section seven, excepting nurses from its pro-

visions, being an unjust and unreasonable classification defeats the whole purpose of the ordinance by permitting nurses of either race to ride in the compartment or car devoted to the opposite race, when in charge of children or invalids of such opposite race.

There is no merit in this contention. The fact that children and invalids require the constant care and attention of their nurses makes it highly reasonable that a law making provision for the separation of the races should make an exception that would prevent the separation of such children and invalids from their nurses. Magoun v. Illinois Trust & Saving Bank, 170 U. S. 283, 18 Sup. Ct. Rep. 594; Dell v. Marvin, 41 Fla. 221, 26 South. Rep. 188; State ex rel. Lamar v. Jacksonville Terminal Co., 41 Fla. 363, 27 South. Rep. 221; Plessy v. Ferguson, 163 U. S. 537, 16 Sup. Ct. Rep. 1138; Anderson v. Louisville & N. R. Co., 62 Fed. Rep. 46. The statutes in both of the two last cases cited made the same exception of nurses as does this ordinance, and in neither of them were the acts held to be invalid because of such classification and exemption.

We have just decided at the present term the case of Andrew Patterson, Plaintiff in Error, v. Isham Taylor as Jailor, Defendant in Error, involving the validity of an ordinance of the City of Jacksonville that contains substantially the same provisions as the one under discussion in this case, with the exception that the ordinance of Jacksonville involved in that case makes no exception in favor of nurses as does the Pensacola ordinance in this case. The same assaults were made upon the Jacksonville ordinance in that case that are made in this case, with the exception of the contentions herein above already discussed, and what is said in that case as to all

the other questions involved in this case applies with equal force to this case, and is fully decisive thereof.

Finding no error in the record the judgment of the Circuit Court in this cause is hereby affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., COCKRELL, HOCKER, WHITFIELD and PARKHILL, JJ., concur.