McLeod, the plaintiff in error, was arrested upon a warrant charging him with the crime of embezzlement. He was committed to await the action of the Criminal Court of Record and was required to enter into an appearance bond in the sum of fifteen thousand dollars. He obtained a writ of habeas corpus from the Circuit Court of Dade County and moved for his discharge on the Sheriff's return. The writ was issued on November 16, 1927, and the Sheriff's return was made the same day. He produced the body of McLeod and the original commitment of him as issued by the magistrate. The writ of commitment is regular in all respects and recited that from an examination held by him it appeared that there was just reason to believe that McLeod was guilty of the offense charged.
On the 26th of November McLeod's attorneys caused to be filed, what is termed, McLeod's reply to the Sheriff's return, denying that he was guilty of the offense charged and denying that there was any evidence before the committing magistrate to show that a crime had been committed or that there was good cause for believing that he was guilty.
On December 8th the Honorable Circuit Judge reviewing the evidence held that McLeod should have been discharged by the committing magistrate as the evidence was insufficient upon which to hold the petitioner, McLeod, upon the charge preferred against him. The learned judge however, declined to order McLeod's discharge because he said the Supreme Court in the case of White v. Penton, 92 Fla. 837, 110 So.2d Rep. 533, held that the use of the writ of habeas corpus to test the sufficiency of the evidence upon which a charge may have been based was not sanctioned *Page 736c 
by the Court. The petitioner was remanded to the custody of the sheriff but was ordered to be released upon his own recognizance in the sum of fifteen thousand dollars.
On the 10th day of December the sheriff caused to be filed in the clerk's office another return in which it was stated that the petitioner had made the bond for fifteen thousand dollars before Honorable H. F. Atkinson, Judge of the Circuit Court on the 16th day of November. Judge Atkinson's order was that while he would not discharge the relator he would be relieved from the necessity of finding sureties upon his bail.
So it appears from these proceedings that upon the evidence adduced the Honorable Circuit Judge deemed the petitioner to be innocent of the crimes charged, that the facts in evidence constituted no offense, and that he should have been discharged by the committing magistrate. We agree with the learned judge in that conclusion.
The difference between McLeod and the prosecutor Jos. T. Kingsley grew out of a contract for the sale of lands located in Liberty and Franklin Counties in which a sum of money as a "binder" had been placed in a bank in Miami for McLeod to be paid over to him, or the corporation of which he was president, at such time as he should produce a warranty deed for the lands conveying a marketable title to eighty per cent of them.
It seems that the money was transmitted by the bank to McLeod's corporation through a bank in Tampa and the sum was disbursed for the use and benefit of McLeod's company. Afterwards it was discovered that title could not be perfected to a requisite amount of acreage and the negotiations failed. The depositor of the money demanded *Page 736d 
return of it by McLeod with which request he failed to comply.
It also appears that although McLeod is technically not discharged he is in fact not restrained of his liberty and is under his own recognizance. In this state of the case it appears to us that the question is purely a moot one. The relator is not deprived of his liberty and the evidence being reviewed by a court of competent jurisdiction is found to constitute no offense of the kind charged.
The writ of habeas corpus was designed as a speedy method affording a judicial inquiry into the cause of an alleged unlawful actual deprivation of personal liberty. See Porter v. Porter, 60 Fla. 407, 53 So.2d Rep. 546; Ann. Cas. 1912 C 867 n.
An inquiry in such proceedings goes to the legality of the alleged detention of the prisoner. Crooms v. Schad, 51 Fla. 168, 40 So.2d Rep. 497.
Since a conviction under a void statute is void and a person held under such a judgment would be discharged, see Ex parte
Knight, 52 Fla. 144, 41 So.2d Rep. 786; 120 Am. St. Rep. 191; Harper v. Galloway, 58 Fla. 255, 51 So.2d Rep. 226; 26 L. R. A. (N. S.) 794, n, 19 Ann. Cas. 235, a person held in unlawful confinement under a state of facts which constitutes no offense under the law will be discharged on writ of habeas corpus. The case of White v. Penton, supra, does not apply.
The relator should be discharged because nothing may be accomplished by a dismissal of the writ of error.
WHITFIELD, TERRELL, BROWN AND BUFORD, J. J. concur. *Page 736e