STATE, ex rel. L. C. PRICE, v. S. E. STONE, Sheriff of Volusia County.

175 So. 229.
Opinion Filed June 16, 1937.

638

*W. Theo Woodward, W. Don Woodward* and *W. W. Judge,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Respondent.

PER CURIAM.—On the 10th of February, 1937, upon petition to this Court a writ of habeas corpus was issued to Honorable S. E. Stone, Sheriff of Volusia County, Florida, commanding him to produce the body of one L. C. Price, imprisoned and detained, so it was alleged, in the county jail of Volusia County under and by virtue of a certain capias issued by the Circuit Court of Volusia County, Florida, upon an information filed by the State's Attorney charging the said Price with knowingly and wilfully resisting, obstructing and opposing one D. W. Whitehurst, a Deputy Sheriff of Volusia County, Florida, in the lawful execution of his legal duty as such Deputy Sheriff in conserving the peace and preventing a breach thereof, which was threatened at a mixed meeting of white and negro people being held in the night time in a negro fraternal hall or building within the city limits of the City of Ormond, by white people not participating in said meeting who were then and there present, by offering and doing violence to the person of said officer from behind, while he, the said officer, was descending the stairway of said negro fraternal

hall or building, and by placing his arm around the neck of the said officer D. W. Whitehurst from the back and forcibly and violently choking and restraining him contrary to the statute in such case made and provided. See Section 5385 R. G. S., 7524 C. G. L.

The writ of *habeas corpus* was applied for and issued upon the authority of McLeod v. Chase, 95 Fla. 736a, 116 Sou. Rep. 858, wherein it was decided by this Court that a person held in unlawful imprisonment *under a state of facts* which constitutes no criminal offense may be discharged from confinement on a writ of *habeas corpus* even though the process upon which he is held be found good upon its face as a cause of detention of the prisoner. Following a return to the writ of *habeas corpus* so issued, an application was made to this Court for the appointment of a' special commissioner to take testimony in this cause, the object of the application being to have this Court inquire into the *sufficiency of the facts* to make out a criminal offense under the law within the purview of the statute upon which the information against the accused was filed.

The writ of *habeas corpus* has been used in this state to release a person held under a commitment issued on a preliminary hearing before a County Judge acting as a committing magistrate where the evidence wholly failed to sustain the charge on which the commitment was made. See: Ex Parte Brandau, 26 Fla. 142, 7 Sou. Rep. 528; Ex parte Eagan, 18 Fla. 194; Ex parte Harfourd, 16 Fla. 283. And, as stated in the special concurring opinion of Mr. Justice BROWN in the case of McLeod v. Chase, *supra*:

"The weight of authority appears to support the rule that on *habeas corpus* the Court may inquire whether there is any *legal* evidence before the committing magistrate to sustain the charge for which he was committed; that is, whether there is any evidence upon which the magistrate

might reasonably find the existence of 'good ground' (which means 'probable cause') for holding the accused for trial. This is in a sense jurisdictional, as to commitments by Justices of the Peace. If there is no such evidence, as was the case here, the prisoner should be discharged. If there is such evidence, although controverted, the Court will not endeavor to determine whether the magistrate exercised his jurisdiction erroneously in deciding as to the weight and credibility of the conflicting testimony, but will remand the prisoner."

With this proposition of law we agree. And in an appropriate case requiring it, this Court will not hesitate to enter upon a proper inquiry to determine whether or not a prisoner should be released on *habeas corpus* within the foregoing rule.

The writ of *habeas corpus* is designed as a speedy method of affording a judicial inquiry into the *cause* of an alleged unlawful deprivation of personal liberty, and the rights of a person claiming to be unlawfully deprived of his liberty are not to be defeated by the mere form under which such deprivation is being accomplished. It is therefore permissible, as we have just pointed out, for a court having authority to issue and determine writs of *habeas corpus,* to inquire into *the actual facts* relied on to support a charge of violation of the criminal law and thereupon either to discharge, admit to bail, or remand to custody "as the law and the evidence shall require." Section 3527 R. G. S. 1920. McLeod v. Chase, *supra.* This rule, however, is subject to the limitation which we have repeatedly announced to the effect that while on *habeas corpus* the court will examine the *legal* sufficiency of the alleged facts to make out a crime, it will not determine the probative force of conflicting or controverted testimony upon which the charge is based, nor undertake to decide the legal sufficiency of a mere

matter of defense, except perhaps matters of defense asserted on constitutional grounds as an avoidance of the particular charge set up as cause of detention.

Section 7524 C. G. L., 5385 R. G. S., under which the prisoner in this case is being held, reads as follows:

"Whoever knowingly and wilfully resists, obstructs or opposes any Sheriff, deputy sheriff, constable or other person legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, shall be punished by imprisonment in the State prison not exceeding two years, or by imprisonment in the county jail not exceeding one year, or by fine not exceeding one thousand dollars."

The *capias* upon which the return shows the prisoner is being confined in jail is predicated upon an information, the substance of which is that the prisoner did knowingly and wilfully obstruct and oppose one D. W. Whitehurst, a deputy sheriff of Volusia County, Florida, *and a police officer of the City of Ormond,* in the lawful execution of his legal duty as such deputy sheriff and police officer in conserving the peace and preventing a breach thereof, etc.

A perusal of Section 7524 C. G. L., *supra,* will disclose that the section in question does not apply to municipal police officers but only to a "sheriff, or deputy sheriff, constable or other person legally authorized to execute process." Under the rule *noscitur a sociis* the phrase "or other person authorized to execute process" must be held to mean an officer of similar character to a sheriff or constable, such as an elisor, or a justice of the peace when acting in lieu of the sheriff in serving process (such as is provided for under Section 4238 C. G. L., 2598 R. G. S., when the sheriff is disqualified), and not to ordinary municipal policemen who are rarely, if ever, authorized to

serve process, and who are certainly not covered by the statute, if covered at all, when they are acting solely as municipal policemen and are not engaged in any attempt to serve process at the time of being obstructed and opposed.

The information fails to charge that the said Whitehurst was opposed and obstructed in the capacity of deputy sheriff, but in the capacity of deputy sheriff *and* policeman of the City of Ormond. It is therefore to be tested by the weaker of its allegations, and so tested, is found fatally defective, since under Section 7524 C. G. L., *supra,* the obstructing and opposing of ordinary municipal police officers, at best, when not authorized to serve nor attempting to serve process at the time, is not a state felony, although it may constitute a violation of the municipality's ordinance and subject to punishment as for resisting an officer.

Under Section 2856 C. G. L., 1804 R. G. S., sheriffs are made conservators of the peace, and this duty extends, perhaps to their lawfully authorized deputies, *when acting as such.* As conservators of the peace, sheriffs may raise the power of the county and may command any person to assist them, when necessary, in the execution of their office. But under the statute no such broad powers pertain to a mere city police officer, the reason being, no doubt, that policemen being under no official bonds to protect the public from an abuse of such powers, the powers have been withheld by the Legislature and confined to named county officers who are both sworn and bonded as a protection against abuses of the public.

The information does not allege that the petitioner was being arrested, nor wilfully obstructing or opposing arrest, with or without warrant, nor that the defendant was obstructing the named officer in a lawful attempt on such officer's part to arrest any one else. The most that can be said of the information is that it charges that the petitioner

committed acts, which if proven, might make him guilty of a misdemeanor known as assault and battery by choking and restraining the officer Whitehurst, but that is not a charge within the jurisdiction of the Circuit Court under whose *capias* the prisoner is being held.

So it is, that the prisoner, on the face of the proceedings, is entitled to his discharge from custody and it is wholly unnecessary to appoint a commissioner to take testimony as prayed.

Motion to appoint commissioner to take testimony denied and, upon consideration of return to writ of *habeas corpus,* prisoner ordered discharged at cost of Volusia County.

ELLIS, C. J., and TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part).—Unless the information wholly fails to charge an offense, it will be upheld on *habeas corpus.* This writ cannot take the place of a motion to quash. Furthermore, this information charges that the officer was a deputy sheriff *and* a police officer. This being charged in the conjunctive, the information *does* charge that the officer was a deputy sheriff and no conviction could be had thereunder unless this was proved. If the charge had been in the alternative, or disjunctive, then the rule referred to, of testing the charge by the weaker averment, might apply. See Strobhar v. State, 55 Fla. 167, 47 So. 4; 31 C. J. 663-4. The clause in the information "and a policeman of the City of Ormond" might well be held to be mere surplusage, which could be rejected on motion in the Circuit Court, and yet leave a valid information. Mathis, vs. State, 70 Fla. 194, 69 So. 697.