STATE, *ex rel.* KARLYLE O'BERRY, v. C. B. PEARSON, as Sheriff of Sarasota County.

186 So. 430.

Order Entered February 3, 1939.

*McKay, Macfarlane, Jackson & Ramsey,* for Petitioner;

*George Couper Gibbs,* Attorney General, *Roy D. Stubbs,* State Attorney, and *W. M. Smiley,* Assistant State Attorney, for Respondent.

PER CURIAM.—The following petition was filed in this court:

"Comes now the State of Florida, *ex rel.* GEORGE COUPER GIBBS, as Attorney General, ROY D. STUBBS, State Attorney for the 12th Judicial Circuit of Florida, and W. M. SMILEY, as Assistant State Attorney for the 12th Judicial Circuit of Florida, and moves the Court to recall the Writ of Habeas Corpus heretofore issued by one of the Justices of this Court, on the 25th day of November, 1938, which was made returnable before Honorable T. Frank Hobson, one of the

Judges of the Circuit Court of the 6th Judicial Circuit of Pinellas County, Florida, on the 28th day of November, 1938, and the said GEORGE COUPER GIBBS as Attorney General, ROY D. STUBBS, as State Attorney for the 12th Judicial Circuit of Florida, and W. M. SMILEY, as Assistant State Attorney for the 12th Judicial Circuit of Florida, make known and inform the Court that all of the matters and things which could be properly disposed of by Habeas Corpus, were previous to the issuance of the aforesaid writ by this Court, disposed of by Honorable W. T. Harrison, one of the Judges of the 12th Judicial Circuit in and for Sarasota County, Florida, as shown by the copies of the motion to quash, filed before and presented to Honorable W. T. Harrison on the 25th day of November, 1938, and the order thereon bearing the same date, * * * .

"As alleged in the foregoing paragraph, nothing remains to be disposed of which could be properly disposed of on Habeas Corpus, unless this Court intended for the Honorable T. Frank Hobson to take testimony to determine whether probable cause existed for the filing of the information against the defendant, Karlyle O'Berry, which we submit would not be proper and which we do not believe to be the intention of this Court.

The writ of habeas corpus was issued by a Justice of this Court and made returnable before a Circuit Judge as authorized by Section 5, Article V of the constitution, and it does not appear that the Circuit Judge has taken any action upon the writ that may be reviewed by this court. As the writ was issued by a Justice of this Court and not by or for this court nor made returnable before this court, the Justice who issued the writ has power to recall the writ which has not been acted on by the Circuit Judge before whom the writ was made returnable by such Justice.

TERRELL, C. J., and WHITFIELD, BROWN, CHAPMAN, and THOMAS, J. J., concur.

BUFORD, J., dissents.

CHAPMAN, J.,—On petition for a writ of habeas corpus it was made known to this Court that the petitioner was informed against on a charge of manslaughter in the Circuit Court of Sarasota County, Florida, on October 14, 1938, when operating an automobile under the influence of intoxicating liquor negligently and carelessly struck one George Higel and inflicted a wound or injury which caused his death It was alleged in the petition that the information was void for a number of reasons. A writ of habeas corpus was issued on the petition by a Justice of this Court and the said writ made returnable before Honorable T. Frank Hobson, a Judge of the Circuit Court of Pinellas County, and not before a Judge of the 12th Judicial Circuit of Sarasota County, Florida, where the information had been filed.

On January 10, 1939, the Honorable George Couper Gibbs, Attorney General, in the name of the State of Florida, filed in this Court a motion to recall the said writ of habeas corpus so issued upon the grounds: (a) that the Honorable W. T. Harrison, a Judge of the Circuit Court wherein the information was pending had considered a motion to quash the information on a number of grounds made by counsel for the petitioner and had entered an order overruling and denying the motion to quash on November 25, 1938, and that the information was not void or fatally defective but charged a crime under the laws of Florida; (b) that the Honorable T. Frank Hobson, Judge, was not as a matter of law authorized to take testimony to determine whether or not probable cause existed for the filing of the said information and since the issuance of the writ addi-

tional facts have been presented to this Court on the motion to recall the writ that had not been presented or considered by the Court at the time of the issuance thereof and that no legal grounds exist for the discharge of the petitioner and for that reason the writ previously issued should be recalled because it had been improvidently issued.

It has been held by an unbroken line of decisions of this Court that a writ of habeas corpus is a writ of right and is properly issued when a showing is made entitling a party to the use of the writ but it does not issue as a matter of course, but reasonable grounds must exist for awarding it. It is a speedy method of affording a judicial inquiry into the cause of any alleged unlawful custody or deprivation of personal liberty. *Ex parte* Amos, 93 Fla. 5, 112 So. 289; Chase v. State, 93 Fla. 963, 113 So. 103; 54 A. L. R. 271; Crooms v. Schad, 51 Fla. 168, 40 So. 497; Porter v. Porter, 60 Fla. 407, 53 So. 546, Ann. Cas. 1912C, 867; McLeod v. Chase, 95 Fla. 736a, 116 So. 858; Lehman v. Sawyer, (Fla.) 143 So. 310; State v. Logan, 87 Fla. 348, 100 So. 173.

Each Justice of the Supreme Court of Florida has the power to issue writs of habeas corpus to any part of the State and make same returnable before the Justice issuing same, or the Supreme Court or any Justice thereof, or before any Circuit Judge. See Section 5 of Article V of the Constitution of Florida.

There is not involved here the power of this Court or a Justice thereof, to issue a writ of habeas corpus as the same was lawfully issued.

It appears here that the motion to recall has attached to it a copy of an order of Honorable W. T. Harrison overruling and denying a motion to quash the information and held thereby the information was not defective in allegation or that it wholly failed to state an offense under the laws of Florida. In order to sustain a writ of habeas corpus there

must be some illegality or want of jurisdiction. See Lehman v. Sawyer (Fla.) 143 So. 310; State. v. Mayo, 88 Fla. 96, 101 So. 228; Foxworth v. Law, 77 Fla. 596, 82 So. 55; In re 'Robinson, 73 Fla. 1068, 75 So. 604, L. R. A. 1918B, 1148; Jackson v. State, 71 Fla. 342, 71 So. 332; *Ex parte* Davidson, 76 Fla. 272, 79 So. 727; Bass v. Doolittle, 93 Fla. 993, 112 So. 892; McLeod v. Chase, 95 Fla. 736a, 116 So. 858; Crooke v. Van Pelt, 76 Fla. 20, 79 So. 166.

The next question is: Can a court on a habeas corpus proceeding take testimony to determine whether or not probable cause existed for the filing of the information by the State Attorney against the petitioner in the Circuit Court of Sarasota County? Section 5441 C. G. L. requires that the prisoner shall be brought before the court without delay and the court shall then make an inquiry into the cause of his detention and shall either discharge him, admit him to bail or remand him to custody, as the law and evidence shall require. The duty of the court is to make inquiry into the legality of the alleged detention. The lower court, as shown by the record, after the issuance of the writ in the case at bar, overruled and denied a motion to quash the indictment and if error existed in connection therewith it can be reviewed on writ of error. In the case of State, *ex rel.* Price v. Stone, 128 Fla. 637, 175 So. 229, an information was filed by the State Attorney of Volusia County and the legal sufficiency thereof on writ of habeas corpus was considered by this Court and held that the information was fatally defective and the petitioner discharged because the information failed to charge an offense under the criminal laws of Florida. In the case of McLeod v. Chase, 95 Fla. 736a, 116 So. 858, the petitioner was charged in a warrant with the crime of embezzlement and committed to await the action of the Criminal Court of Record of Dade County. Florida. This Court discharged the peti-

tioner because there was not sufficient testimony to sustain the charge, but in the case at bar the sufficiency of the information was sustained by the lower court and the State Attorney had the evidence before him prior to the time of filing the information.

The question, *supra,* was clearly answered in the negative by this Court in the case of White v. Penton, 92 Fla. 837, 110 So. 533. The petitioner was committed to jail by the County Judge's Court of Escambia County, Florida, under an affidavit and warrant making it unlawful under a Florida statute to have in his possession mullet of a size smaller than ten inches in length. He sought a discharge therefrom in a habeas corpus proceeding when this Court held that the offense was sufficiently charged in the affidavit and warrant and while possession of mullet lawfully acquired in the State of Alabama and imported to Florida was not an offense under the Florida statute, this defense would not reach the legality of the petitioner's detention under the charge made, but presented a question of the guilt or innocence of the defendant of the offense charged,—that is, whether or not the defendant was guilty of the offense charged and this question could not be raised or considered in a habeas corpus proceeding. This Court, speaking through Mr. Justice Strum, said:

" * * * The object of the writ of habeas corpus is not to determine whether a person has committed a crime, or the justice or injustice of his detention on the merits, but whether he is legally imprisoned, or restrained of his liberty. Horner v. U. S. 143 U. S. 57, 36 L. Ed. 266; *Ex parte* Crouch, 112 U. S. 178, 28 L. Ed. 690; Cross v. Foote, 88 S. E. Rep. 594; Crowley v. Gannon, 186 Pac. Rep. 117; People v. Quigley, 134 N. Y. Supp. 953, 29 C. J. 24. The use of the writ of habeas corpus to test the sufficiency of the evidence upon which a charge may have been based is

not sanctioned by this Court. State v. Vasquez, 49 Fla. 126, 38 South Rep. 830. See also *Ex parte* Prince, *supra,* (27 Fla. 196, 9 So. 659), and In re: Robinson, *supra,* (73 Fla. 1068, 75 So. 604). Nor is that, writ available to review the sufficiency of a substantive defense. See: Hass v. Hinkle, 216 U. S. 462, 54 L. Ed. 569; In re: Corum, 62 Pac. Rep. 661, 12 R. C. L. 1244. * * * "

See Dukes v. State, 81 Fla. 247, 88 So. 474; Keen v. Murray, 75 Fla. 154, 77 So. 855; *Ex parte* Knight, 52 Fla. 144, 41 So. 786; 120 Am. St. Rep. 122; Bronk v. State, 43 Fla. 461, 31 So. 248, 99 Am. St. 119; *Ex parte* Senior, 37 Fla. 1, 19 So. 652, 32 L. R. A. 133; *Ex parte* Prince, 27 Fla. 196, 9 So. 659, 26 Am. St. Rep. 67; *Ex parte* Bowen, 25 Fla. 214, 6 So. 65; *Ex parte* Hunter, 16 Fla. 575.

The motion to recall the writ of habeas corpus brought to the attention of this Court for the first time that the indictment for the crime of manslaughter had been sustained by an order dated November 25, 1938, entered by the Honorable W. T. Harrison, a Judge of the Twelfth Judicial Circuit in and for Sarasota County, Florida, when a motion to quash the same on numerous grounds was overruled and denied. The unlawful detention, it was alleged, was that the information was fatally defective, the language of the petition being: "Your petition further avers that the information is void, in that the same fails to charge this petitioner with the commission of any crime under the laws of the State of Florida." This contention was decided adversely to the petitioner by the trial court and the decisions of this Court holding that testimony could not be received on habeas corpus proceedings to determine whether probable cause existed for the filing of the information and all matters and things which could be properly disposed of by habeas corpus having been done, the question now presented is whether or not this Court has the power to recall a writ

of habeas corpus lawfully, but improvidently, issued by a member of this Court and the same made returnable to a Judge of the Circuit Court, to wit, the Honorable T. Frank Hobson, of the Sixth Judicial Circuit.

Section 5435 C. G. L. provides for the issuance of a writ of habeas corpus and prescribes the manner in which and the courts from which this process can be secured. Section 5439 C. G. L. defines the effect of the return and provides that if error occurs therein the same may be amended. Sections 4702, 4703 and 4704 C. G. L. provide for the service of process of the Supreme Court of Florida. It is reasonable to conclude that the writ of habeas corpus issued in the case at bar was process of this Court and governed by the above enumerated Sections of the statutes. Similar statutes prevail which prescribe and control the process of inferior courts of Florida. While this Court has not passed upon its power to recall and quash process, improvidently issued, it had before it the legal sufficiency of process issued by a Circuit Court of Florida and served on a party residing in another State and held the same void. See Beckwith v. Bailey, 119 Fla. 316, 161 So. 576. This Court likewise held that a Circuit Court had the inherent power and authority by summary means to prevent an abuse of its processes, and to peremptorily dispose of a cause of action that was frivo·lous or wholly vexatious, and that the power may be exercised or used in striking a pleading, or to stay or dismiss a cause, and may be predicated on matters *de hors* the pleadings if duly established before the Court. See Rhea v. Hackney, 117 Fla. 62, 157 So. 190.

In the case of Lord v. Dowling Co., 52 Fla. 313, 42 So. 585, when considering process, this Court, in part, said:

"When the clerk of a court of general jurisdiction issues process under statutory authority all the essential requisites

of the statute must be substantially complied with or the process will be void.

"When the statute requires the proof of the existence of certain facts to be made before process is issued and there is an entire absence of proof as to any of the essential facts, the process is void. But when the proof adduced has a legal tendency to establish every essential fact the process is not void, even if it be erroneously issued, because the proof adduced is legally insufficient. In one case the act is without authority and void; in the other there is authority erroneously exercised and the act may be reversed or vacated on direct proceedings for that purpose. See Tanner & DeLaney Engine Co. v. Hall & Mobley, 22 Fla. 391; Miller v. Brinkerhoff, 4 Denio (N. Y.) 118."

Section 5 of Article V of the Constitution of Florida and Section 5435 C. G. L. confer the power to hear petitions for writs of habeas corpus and to issue the same. The right is given by Section 5441 C. G. L. to inquire into the cause of the imprisonment and to discharge the petitioner, admit him to bail, or remand him to custody, as the law and evidence shall require. Full and complete power is granted to inquire into the detention and to make such order or orders as above required. The power to issue the process, the power to inquire into the cause of the imprisonment, the power to admit to bail, and the power to remand to custody, by implication gives a court plenary power to recall its process when improvidently issued. This principle is in accord with the adjudicated cases of other jurisdictions.

Where a writ of habeas corpus was improvidently granted, the same may be recalled, quashed or dismissed and the rule seems to be well stated in 29 *Corpus Juris* pages 152-154, par. 170, viz.:

"QUASHING OR DISMISSING WRIT. A writ of habeas

corpus may be quashed, recalled, or dismissed where it was improvidently granted, as where it was issued without jurisdiction, or without authority of the person detained, he being *sui juris*. Writs of habeas corpus have been quashed or dismissed: Where it appeared that no ground existed for discharging the prisoner, the restraint complained of being legal; where there was no restraint sufficient to support a grant of the writ; where the unlawful restraint had terminated prior to the service of the writ; where the detention terminated after the service of the writ, although the release of the party after service of the writ does not deprive the court of jurisdiction; where the respondent did not have the custody or control of the party whose release was sought; where the proceedings were not brought in the proper court; where facts sufficient to enable the court to act were not presented; where the case was one where the granting of the writ was prohibited by statute; where the proceedings had been abandoned, or withdrawn; where lack of prosecution was shown; where the writ was improperly served, and where the party had taken some action inconsistent with the claim advanced as a ground for release. The sufficiency of the petition upon which it was granted to support the writ may generally be questioned before making a return or answer thereto, by motion to quash the writ, but not regularly by a demurrer, although a demurrer in form may be allowed to serve the purpose of a motion to quash or to dismiss. In some jurisdictions, neither a demurrer nor a motion to quash because of defects in the petition will lie, the petition having become *functus officio* upon the issuance of the writ. Where the writ has been issued, although improvidently, and the prisoner is in court awaiting judgment, it has been said to be the better practice to inquire into the cause of detention and to dispose of the case on the merits. On a motion to quash the writ, the al-

legations of the petition are deemed admitted. The usual presumptions in support of the jurisdiction of a court of general jurisdiction whose proceedings are collaterally attacked will be made. Like other civil proceedings, writs of habeas corpus are subject to, voluntary dismissal, except where the custody of an infant is involved, but not without an order of court touching the custody of the prisoner, where he has been released on bail."

See also cases cited in footnotes of this paragraph. See also In Re: McMaster, 2 Okla. 435, 37 Pac. 598; Church on Habeas Corpus, pages 174-176, pars. 131-132; pages 192-193, par. 152; 12 R. C. L. page 1235, par. 52; *Ex parte* Jacques Besset, 6 Q. B. 481, 12 Eng. Rul. Cas. 487, and English Notes.

Section 5 of Article V of the Constitution of Florida gives Justices of the Supreme Court of Florida the power to issue writs of habeas corpus to any County of Florida and the cause of the unlawful detention may be heard by the Supreme Court of Florida, or any Justice thereof, or by any Circuit Judge before whom the writ so issued is made returnable. Section 5435 C. G. L. likewise gives Justices of the Supreme Court of Florida, or any Justice thereof, or any Circuit Judge, at all times power to issue writs of habeas corpus and hear cases of unlawful detention and to make appropriate orders. It is clear that concurrent jurisdiction exists between the Supreme Court and Circuit Court Judges. Section 5441 C. G. L. controls the Supreme Court of Florida, or any Justice thereof, and Circuit Judges in making inquiry into the cause of imprisonment, and requires either an order of discharge, admittance to jail or remand to custody, as the law and evidence of the case so heard shall require. It is the duty under the law of the Judges, *supra,* to make inquiry as to the cause of detention. The power to recall and quash the writ of habeas corpus

when the law of the case so requires, is concurrently vested in the Supreme Court of Florida, or a Justice thereof, or the Circuit Judge before whom it was made returnable when the motion has been presented and hearing given. In the case at bar the motion to recall and quash has been presented to this Court and argued by counsel, and it appearing that no lawful reason now exists or has been presented why the motion to recall and quash should not be granted. The motion to recall and quash is hereby granted. It is so ordered.

BUFORD, J. (dissenting)—In this case a majority of the Court has caused to be filed herein an opinion and judgment in which it is held: "As the writ was issued by a Justice of this Court and not by or for this Court, nor made returnable before this Court, the Justice who issued the writ has power to recall the writ which has not been acted on by the Circuit Judge before whom the writ was made returnable by such Justice."

I do not agree with this conclusion, because it is my opinion that when writ of habeas corpus was made returnable before a Circuit Judge and the return has been made before the Judge, which the record shows here affirmatively, that neither this Court nor a Justice of this Court has authority or power to recall the writ because the jurisdiction of such matter then rests in the Circuit Judge before whom the writ was made returnable and to whom the return has been made. My colleagues, the Chief Justice and four Justices of this Court, hold to the contrary.

Therefore, I must yield my personal views and recognize the law to be as now stated by them.

While not in the record, the majority of the members of the Court have expressed the view that I should exercise the power which by the solemn judgment of this Court has

been adjudged to be and rest in me, and recall the writ which I heretofore issued.

If the power to recall the writ rests in me, then whether or not it should be recalled is a matter of discretion and, as the Circuit Judge appears to be in doubt as to what course he should pursue, I do now order the recall of the writ from the Honorable Frank T. Hobson, Circuit Judge of the Sixth Judicial Circuit of Florida, and do direct and adjudge that the said Honorable Frank T. Hobson shall forthwith return said writ, with all papers in connection therewith which have been filed before him, to me at the Supreme Court Building, Tallahassee, Florida.