THE STATE OF FLORIDA, PLAINTIFF IN ERROR, v. P. A. VASQUEZ, DEFENDANT IN ERROR.

1.  The use of the writ of habeas corpus to test the sufficiency of the evidence upon which an information may have been based is disapproved.

2.  A statute licensing "lung testers, striking machines, weighing, chewing gum stands, automatic penny in the  slot machine or any other device of a similar nature" under a constitution prohibiting lotteries will not be construed to license the operation of a machine in which the element of chance largely predominates.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*W. H. Ellis,* Attorney-General, *Donald C. McMullen* and *Frank M. Simonton,* for Plaintiff in Error.

*P. O. Knight* and *C. C. Whitaker,* for Defendant in Error.

COCKRELL, J. A writ of error was allowed herein on behalf of the State under Chapter 4920, Laws of 1901, by the Circuit Judge of Hillsborough County, to have reviewed a proceeding in *habeas corpus* heard by such judge, resulting in the discharge of the prisoner.

The record shows that the sheriff of said county, to whom the writ of *habeas corpus* was directed, made return that the petitioner was held under a warrant issued out of the Criminal Court of Record of that county, upon an information charging Vasquez with keeping a gaming apparatus; the warrant is attached to the return. Thereupon the Circuit Judge took evidence as to the nature of the apparatus kept by the petitioner and which presumably was the basis of the criminal charge. Upon hearing the testimony the court found that the machine was "an automatic slot machine such as are licensed under the laws of Florida, and therefore ordered that the petitioner be discharged from custody. A bill of exceptions was made up and settled in behalf of the State.

From the foregoing statement it would appear that the

sphere of activity of the highly beneficial writ of *habeas corpus* has been enlarged beyond the limits heretofore imposed by this court and a reversal might be placed upon this ground. However as the case has been presented to us by counsel for either side upon the merits of the question actually passed upon below, we shall consider the question so presented.

The statute referred to by the court below, is contained in the license act of 1903, Chapter 5106, sec. 19, which reads as follows: "That all owners of lung testors, striking machines, weighing machines, chewing gum stands, automatic penny in the slot machines or any other device of a similar nature shall pay to the State a license tax of five dollars for each machine. And provided further, That any person who places any of said machines in any public or private place without having first procured a license shall upon conviction be declared guilty of a misdemeanor and fined in a sum not less than twenty-five dollars or imprisonment not less than thirty days. The implement, machine or device so used or placed shall be subject to seizure and sale for the payment of the license or the fine imposed." A license issued under this section was procured for and attached to this machine.

The evidence shows beyond all question that under the plan of operating, one who put a check, costing five cents, into the machine stood a chance of getting, in addition to a cheap cigar and a tune from a musical instrument, two or more up to forty additional checks that were good for five cents each in trade at the place in which the machine was placed, and also stood a chance of getting no additional checks but only the cigar and the music.

Such a machine can by no possible construction be considered as *ejusdem generis* with lung testers, striking ma-

chines, weighing machines, chewing gum stands or auto-matic penny in the slot machines. The generic term the slot machine evidently has reference to that numerous class of catch penny contrivances, of more or less real use or amusement where by depositing a penny or other small coin one may secure the identical object advertised, whether it be a postage stamp, a piece of candy, a kineto-scope view or what not and without any element of chance other than that usually obtaining in barter and trade, and every one gets the same value for the money invested. It is no answer that the machine may not work properly, in which event the operator is liable to make good the lose.

Implied repeals of long existent laws are not favored, and a license to do a clearly legal moral act should not be.construed into a license to do an act theretofore criminal and most generally condemned by the States of our Union. Especially is such a construction untenable in this State, whose constitution expressly provides, Sec. 23, Article III, "Lotteries are hereby prohibited in this State."

What we have said disposes of the only matter consid-ered by the court below, and the order discharging the petitioner is reversed.

SHACKLEFORD, C. J. and WHITFIED, J., concur.

TAYLOR, HOCKER and PARKHILL, J.J., concur in the opinion.