JAMES SANCLAER, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

FILED DECEMBER 31, 1923.   No. 23796.

1. **Criminal Law: PAROLE: TIME SERVED.** Where a convict in the penitentiary is paroled, breaks his parole, and is retaken after a lapse of time, such time will not be counted as time served on his sentence, notwithstanding the declaration of his breaking or violating parole is not made by the prison authorities till after the retaking of the prisoner.

2. **Habeas Corpus: RETURN OF WRIT: PRIMA FACIE EVIDENCE.** The return of the writ of habeas corpus in this case considered as *prima facie* evidence of the cause of the prisoner's detention.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*Mulfinger & Webb* and *Arthur B. Jaquith,* for appellant.

*O. S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and GOOD, JJ., SHEPHERD, District Judge.

SHEPHERD, District Judge.

This case depends largely upon the construction to be given to the words, "the date of his declared delinquency" found in section 9159, Rev. St. 1913 (Comp. St. 1922, sec. 10256). The pertinent part of the section in question is as follows:

"If any prisoner shall violate the conditions of his parole or release as fixed by the prison board, he shall thereafter be treated as an escaped prisoner owing services to the state, and shall be liable, when arrested, to serve out the unexpired term of his maximum possible imprisonment, and the time from the date of his declared delinquency to the date

of his arrest shall not be counted. as any portion or part of time served."

Sanclaer was sent to the penitentiary for grand larceny on a sentence for an indeterminate term of from one to seven years. He was received there on the 1st of August, 1916. On the 12th day of February, 1918, he was paroled upon his own application, pledging himself as a condition of his parole that he would in all respects obey the law, conduct himself honestly, and avoid evil associations. He violated his parole in less than a month, on the 9th day of March, 1918, to be exact, committed a crime in Iowa and was sent to the reformatory of that state therefor. Two years and seven months after breaking parole, October 7, 1920, he was returned to the penitentiary here. On the 4th day of May, 1922, he applied to the board for a discharge, admitting the fact of his delinquency in the following words: "I was sentenced to one to seven years July 1, 1916, paroled February 12, 1918, violated condition of parole March 9, 1918, returned as parole violator October 7, 1920." He alleged also that his term of imprisonment had expired under the law. The board passed upon his application May 9, 1922, made a formal finding and declaration that he became delinquent on the 9th day of March, 1918, and ordered that the time from March 9, 1918, to October 7, 1920, should not be computed as time served.

The application of the prisoner having been thus denied, he brought this action in habeas corpus in the district court for the third judicial district for his release. The district court found against him, whereupon he comes here for review.

It is obvious that there are no appealing equities in favor of the petitioner. He makes his application on the letter of the law. insisting that he was serving sentence while in violation of his parole, and that only the time from the date upon which his delinquency was declared and made of record to the time of his return to the penitentiary can be counted as not served, that is to say, no time at all. To support this, the attorneys make an extended and able, but

highly technical, argument.   We think it cannot be sustained.   The law of section 9159 is to be read into the sentence.   The intention of the legislature is perfectly clear.
If a convict breaks his parole, he is liable to serve out his maximum term, and the time of his escape, computed from its beginning to its end or time of retaking, is to be considered as not served, so that the serving of the petitioner's sentence in this case began August 1, 1916, ran to March 9, 1918, when he broke parole, began again on the 7th of October when he was retaken or arrested, and then ran on to complete the full maximum period of seven years, to practically March 1, 1925.

The argument that the "declared time" of the section means the *time when declared* is ingenious but not at all persuasive.   The statute should be construed as if it read *from the date of his delinquency, as afterward declared, to the date of his arrest.*   The time in the mind of the legislator was the time when the prisoner runs, breaks, violates —becomes delinquent.   Any other view looks past the purpose of the statute to a strained construction in favor of the convict.   The matter of the declaration is comparatively a matter of bookkeeping, which should be done speedily, but may be done at leisure.   The statute prescribes no time for making it.

Petitioner contends that, since the declaration of his delinquency was not made till May 9, 1922, and since section 10260, Comp. St. 1922, provides that a prisoner who performs his duties faithfully and has no infraction of rules recorded against him is entitled to diminution of sentence, he had the benefit of good time by operation of law, and that thereby his sentence had expired before the making of said declaration.   But this section referred to is broad enough in its provisions to save the state. It says, *in hæc verba,* "and who performs in a faithful manner the duties assigned to him in an orderly and peaceable manner." No requirement as to record is attached to this clause. The prison authorities are obviously allowed a discretion in this regard.   But, aside from this, the prison record shows a clear infraction

of the regulations of the penitentiary. This appears in the return to the writ, "Escaped 3-9-18."

We are of opinion that the return to the writ was evidence and *prima facie* proof of the things recited therein. Section 10294 Comp. St. 1922, so provides. The holding *In re Thomsen,* 1 Neb. (Unof.) 751, is not to the contrary, as it applies to a different state of facts, bringing it within the exception. In the case at bar the warden was holding the petitioner under a commitment upon sentence that had not been served out, not upon the order of the board declaring the date of petitioner's delinquency. The fact that his delinquency existed automatically excluded the time covered by his escape and postponed the time of his release, though not lengthening his maximum term. The time of declaring that delinquency, and of recording it, was, as we have seen, unimportant.

We hold that the declaration of the board of pardons was tantamount to a declaration by the pardon board, the former succeeding the latter in the function of making said declaration.

All of the authorities cited in the petitioner's brief have received due attention and examination. But, because of differences in fact and statute, they do not apply. We are satisfied by the reasons above given that the judgment of the district court was right, and it is

AFFIRMED.