W. B. DICKENSON, *Petitioner*, vs. FIRST NATIONAL BANK OF BROOKSVILLE, FLORIDA, a corporation, *Respondent*.

Division B.

Opinion filed March 13, 1931.

Petition for rehearing denied June 1, 1931.

*Dickenson & Lake,* and *E. T. Shurley,* for Plaintiff in Error;

*Paul Game* for Defendant in Error.

WHITFIELD, P.J.—The bank brought an action against Dickenson in the civil court of record for Hillsborough county on a promissory note, it being alleged that W. B. Dickenson made the note payable to O. V. Emerson; "that for a valuable consideration before maturity of said note, the plaintiff, First National Bank of Brooksville, Florida, purchased said note from the said O .V. Emerson and the said note was duly endorsed by the said O. V. Emerson to the plaintiff, and the plaintiff, First Naitonal Bank of Brooksville, Florida, is now the owner and holder of said promissory note." Demurrers were sustained to two pleas, and by permission an amended second plea and a third plea were filed. Both were stricken and the following judgment rendered for the plaintiff:

"ordered and adjudged that the plaintiff, the First National Bank of Brooksville, Florida, a corporation, do have and recover of and from the defendant, W. B. Dickenson, the sum of $4,416.66, principal, $657.58, interest, and $557.42 attorney's fee, together with costs,"

was affirmed by the Circuit Court.

A writ of certiorari was granted by this court.

The note for $4,416.66 provided for "a reasonable attorney's fee if placed in the hands of an attorney for collection," and was payable to O. V. Emerson or order and endorsed "O. V. Emerson."

The declaration alleges that "it became necessary for the

plaintiff to place said note in the hands of an attorney for collection, and the plaintiff did place the same in the hands of an attorney for collection," and the defendant is indebted to the plaintiff in $4,416.66 and interest "together with a reasonable attorney's fee for the collection of said note."

The amended second plea which was stricken was:

"That plaintiff ought not to have and maintain its said action against this defendant because the plaintiff is not the bona fide holder of the note sued upon in this, that the plaintiff did not pay a valuable consideration for the same but that the bringing of this action is simply an attempt on the part of the real owner of the note, to-wit: O. V. Emerson, to interpose a third person in order to prevent the defendant from setting up the defense available to him as against the original holder."

The statutes provide that:

"The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument."

"A holder in due course is a holder who has taken the instrument under the following conditions:

1. That it is complete and regular upon its face;

2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored if such as the fact;

3. That he took it in good faith and for value;

4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Secs. 6810-11 C. G. L. 1927.

"All bonds, notes, covenants, deeds, bills of exchange, and other instruments of writing not under seal, shall have the same force and effect (so far as the rules of pleading and evidence are concerned) as bonds and instruments under seal.

The assignment or endorsement of any such instruments of writing shall vest the assignee or endorsee with the same rights, powers and capacities as might have been possessed by the assignor or endorser. And he may bring suit thereon and it shall not be necessary for the plaintiff in any suit upon an instrument assignable by law to set forth in the declaration the consideration upon which the instrument was given, or upon which such assignment or endorsement was made, nor to prove such consideration or the execution of such instrument, unless the same shall be impeached by the defendant under oath. An executor or administrator, however, may deny the execution or consideration aforesaid by plea not under oath.'' Sec. 4330, C. G. L. 1927.

''To authorize the recovery of attorney's fees against the maker of a promissory note, it must be alleged and proved, not only that the maker promised to pay a fee upon the happening of a stated contingency, and that such contingency has happened, but that the holder of the note has paid or incurred a valid liability for the services of his attorney.'' Blount Bros. Realty Co. v. Ellenberger, .... Fla. ...., 124 So. 41. (headnote 3).

There is no bill of exceptions in this record so it is not shown what the evidence was as to the attorney's fee that was awarded, but as the contract to pay attorney's fees is one of indemnity, the rule requires allegation as well as proof that the holder of a note sued on has paid or incurred a valid liability for the services of an attorney in collecting the note before there can be a recovery of attorney fees against the defendant. The declaration does not contain the required allegation, therefore the judgment awarding attorney fees is contrary to the essential requirements of the law and may be quashed on certiorari. The attorney fee is a separate part of the judgment but it is not clear that a judgment at law like the one in this

case may be quashed in part on Common law certiorari. If it be conceded that the amended second plea is defective, it contains an averment under oath that "the plaintiff did not pay a valuable consideration for the" note, which may make the plea entitled to be given some effect under the latter provisions of Section 4330, Compiled General Laws 1927, above quoted.

The judgment of the civil court of record affirmed by the Circuit Court is quashed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.