M. P. LEHMAN, as Sheriff of Dade County, *Plaintiff in Error*, vs. ALFRED SAWYER, *Defendant in Error*.

143 So. 310.

Division A.

Opinion filed August 6, 1932.

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *Roy Campbell,* Assistants, for Plaintiff in Error;

*Mitchell D. Price, Charles W. Zaring, Fred J. Cohn* and *Robert S. Florence,* for Defendant in Error.

BROWN, J.—The defendant in error, Alfred Sawyer, petitioner in the court below, filed his petition for writ of habeas corpus, alleging that he was being unlawfully restrained by the sheriff of Dade County upon an information issuing out of the criminal court of record in and for Dade County charging petitioner with unlawfully catching certain fish in the salt waters of the State of Florida within said County of Dade, with a certain seine and net of less size than one and one-half inches bar, measured from knot to knot, and a stretch mesh of less than three inches from knot to knot, after being tarred and shrunk, contrary to the form of the statute in such cases made and provided.

The information set forth in the petition clearly charged a violation of Section 8053 C. G. L. of 1927, derived from Chapter 6877 of the Acts of 1915.

However, the petition alleges that the information charges no offense against any valid act of this State. This allegation of the petition is clearly untenable and has not been insisted upon in argument.

The petition was amended so as to allege that the fish alleged to have been caught by the petitioner were in truth and in fact caught by him in the waters of the Atlantic Ocean a mile or more from the outside shore where the waters were flowing Northward and in what petitioner considered to be a portion of the Gulf Stream; that the fish so caught were in the opinion of the petitioner not caught within the boundaries of the State of Florida as defined by the Constitution of the State.

Sheriff Lehman filed a return alleging that he held Sawyer under and by virtue of a capias issued by the clerk of

the criminal court of record, in which capias it is recited that the said Alfred Sawyer is charged in an information filed by the county solicitor of Dade County, Florida, the return setting forth the allegations of such information in the same language as appeared in the petition.

Upon the hearing before the Circuit Judge, the petitioner testified that he caught the fish with a seine of the kind described in the information, just a few days before the information was filed, at a point in the waters of the Atlantic Ocean about one mile East of the shore of Miami Beach at about Tenth Street of said Miami Beach; that the fish were caught at a point where the waters were flowing North with the Gulf Stream and that to the best of his judgment they were caught East of the Western edge of said Gulf Stream.

Petitioner also filed in evidence a chart said to be in use by the United States Navy, which purported to show the course of the Gulf Stream along the Eastern shore of Florida. No further evidence was introduced. The Circuit Judge made an order discharging the petitioner from custody, in which he incorporated an interesting opinion leading up to the conclusion that the fish caught by the petitioner were not caught within the salt waters of the State of Florida, nor in waters within the jurisdiction of the State or County, and that therefore the statute under which the prosecution was brought did not apply.

Upon motion the Circuit Judge made an order allowing a writ of error, which writ was duly sued out by the respondent sheriff to this court, thus bringing the said order before us for review.

Where habeas corpus is invoked to obtain the discharge of a person held in custody to answer a charge of crime, it must be shown that the statute under which the charge is made is invalid, or that the charge as made is not merely defective in its allegations, but wholly failed to state any

offense under the laws of the State. The writ of habeas corpus cannot be used as a substitute for a motion to quash, or a writ of error or an appeal. In re: Robinson, 73 Fla. 1068, 75 So. 604; Spooner v. Curtis, 85 Fla. 408, 96 So. 836. Upon the writ of habeas corpus, the question of the guilt or innocence of the petitioner, although the indictment is defective or inartistically drawn, will not be considered by the court. The writ is designed to test solely the question of the legality of petitioner's imprisonment. Ex parte Amos, 112 So. 289, 93 Fla. 5; Chase v. State, 93 Fla. 963, 113 So. 103, 8th h.n.; White v. Penton, 92 Fla. 837; 110 So. 533. In the case last cited this court, speaking through MR. JUSTICE STRUM, said:

"No point is made either against the form of the process under which petitioner is held or the jurisdiction of the committing magistrate. Petitioner asserts, however, that the possession of mullet lawfully acquired in Alabama and subsequently brought into Florida is not an offense within the scope of the Act, and that because the fish in his possession were so acquired, he is not charged with an act which is made an offense by law, and hence is entitled to his discharge on habeas corpus. See: Ex parte Prince, 27 Fla. 196, 9 So. 659; In re: Robinson, 73 Fla. 1058, 75 So. 604. This contention assumes that petitioner is charged with the unlawful possession of mullet lawfully acquired in Alabama. But that is not the case. If it were, a different question might then be presented. The charge against petitioner is that on a named date he 'did then and there unlawfully have in his possession mullet of smaller size than ten inches in length, contrary to the form of the statute,' etc. That the Act prohibits as unlawful the possession of mullet of less than the size specified, when caught in the waters of Florida, is not questioned. The charge as made therefore does not wholly fail to state an offense under the statute, within the rule stated in ex parte Prince, supra, and In re: Robinson, supra. On the contrary, the Act charged against the petitioner in the affidavit, warrant and commitment pursuant to which he is detained, is

clearly an offense under the statute. Even though we might hold that the possession of mullet lawfully acquired in Alabama and imported into Florida was not an offense under the Act, the facts stated would not reach the legality of petitioner's detention under the charge made against him, but would merely present a question of petitioner's guilt or innocence of the offense charged, that is, whether or not he has committed that offense. The object of the writ of habeas corpus is not to determine whether a person has committed a crime, or the justice or injustice of his detention on the merits, but whether he is legally imprisoned, or restrained of his liberty. Horner v . U. S. 143, U. S. 57; 36 L. ed. 266; Ex parte Crouch. 112 U. S. 178; 28 L. Ed. 690; Cross v. Foote, 88 S. E. Rep. 594; Crowley v. Cannon, 186 Pac. 117; People v. Quigley, 134 N. Y. Supp. 953; 29 C. J. 24. The use of the writ of habeas corpus to test the sufficiency of the evidence upon which a charge may have been based is not sanctioned by this Court. State v. Vasquez, 49 Fla. 126, 38 So. 830. See also Ex parte Prince, *supra*, and In re: Robinson, *supra*. Nor is that writ available to review the sufficiency of a substantive defense. See: Hass v. Hinkle, 216 U. S. 462; 54 L. ed. 569; In re: Corum, 62 Pac. 661; 12 R. C. L. 1244. We therefore defer, until it is properly presented, upon writ of error or otherwise, the question of whether or not the possession of fish of a smaller size than that specified in the Act, when lawfully acquired in another State, is forbidden by the Act."

In the case of French v. Turner, 137 So. 521, this court held, in an opinion by MR. CHIEF JUSTICE BUFORD, that where writ of habeas corpus issues and it appears on the hearing that the indictment is valid on its face, the writ should be quashed although the petitioner may have a valid defense on account of the running of the statute of limitations; that whether or not the statute had so run as to bar the prosecution under the facts was a proper matter to be determined on the trial, and that if error should occur in the determination of such question, or any other question involved detrimental to the accused, on the trial,

such error could be corrected on review in due course on writ of error to a final judgment.

If the petitioner be held under a valid indictment or information issuing from a court of competent jurisdiction, empowered to try the defendant on the charge made in such indictment or information, all questions which may arise in the orderly course of criminal procedure are to be determined by the court to whose jurisdiction the defendant has been subjected by the law, and the fact that a defendant has a good and sufficient defense to the criminal charge on which he is held will not entitle him to discharge on habeas corpus. Thus the rule supported by a majority of the decisions is that a writ of habeas corpus cannot be resorted to for the purpose of discharging a petitioner on the ground of former jeopardy. Such plea must be presented and tried in the court having jurisdiction to try the offender on the charge for which he has been indicted and is held in custody. 12 R. C. L. 1206-1207. See also 12 R. C. L. 1239-1240.

Applying the principles above set forth to this case, it appears that inasmuch as it is not denied that the petitioner was held in custody under a valid capias and information issuing from a court of competent jurisdiction, the defendant should not have been discharged on account of his testimony at the hearing as to the *locus* of the alleged criminal act, event if it should be conceded that the place thus testified to was outside the territorial limits of the State as well as of the court's jurisdiction. Counsel for defendant in error have submitted a very interesting discussion of this question, in which they contend that under Article I of the Constitution, the State's jurisdiction, and hence the jurisdiction of the court, extends no further into the waters of the Atlantic Ocean East of Miami Beach and Dade County than the Western edge of the Gulf Stream, as the same existed at the time the alleged offense

was committed, citing in this connection the case of Ex parte Marincovich (Cal.) 192 Pac. 156. See also Lipscomb v. Gialourakis, 101 Fla. 1130, 133 So. 107. However, for the reasons above stated, we deem it unnecessary and indeed improper for us to determine such question of this review of the court's order in habeas corpus proceedings.

Counsel for defendant in error also contend that lack of territorial jurisdiction is good ground for the writ, citing 29 C. J. 33, and Ex parte Knight, 203 Pac. 777. If the authorities cited sustain this contention, we cannot follow them without departing from the logical application of the principles heretofore laid down by this court as above indicated. However, in the cited case of Ex parte Knight, the place where the alleged offense was committed, if at all, appears to have been admitted. Here no express admission of this kind was made by the State or its officer, the sheriff.

The jurisdiction to try this case was vested in the criminal court of record and not in the circuit court, the defendant being held under an admittedly valid information and capias issuing from the criminal court of record. There was in our opinion no ground for habeas corpus proceedings. It would disturb the orderly course of the administration of the criminal law if defendants were permitted to anticipate the regular trial of the case in the court vested with jurisdiction by asserting their defenses before the judge of some other court upon habeas corpus proceedings. We are inclined to think that it would form a troublesome precedent if this court were to adopt a rule which would permit a defendant held under an indictment or information, valid on its face and issuing from a court of competent jurisdiction, to obtain discharge on writ of habeas corpus by introducing evidence on the hearing under the writ tending to show that the alleged offense was committed at a point across the county line, or across the State line, and hence beyond the territorial jurisdiction of the

court. If this question were permitted to be determined in due course upon the trial of the case in the court from which the indictment or information issued, the State might have a more effective opportunity to rebut, if possible, the testimony of the defendant on such point. So from a practical standpoint as well as from the standpoint of general legal principles covering habeas corpus proceedings, we are inclined to hold that the question of lack of territorial jurisdiction, or venue, arising from the geographical location of the point where the alleged offense, if any, was committed, is a question which the defendant can himself interpose upon the trial of the case, or ask for an instructed verdict upon the State's failure to prove that the offense charged was committed within the court's jurisdiction, and that upon this question he cannot obtain an anticipatory decision by writ of habeas corpus any more than he could of any other question which he might have the right to raise on the trial of his case, which would entitle him to a verdict and judgment in his favor. Of course, if the indictment or information upon which the defendant is held should show on its face the particular location of the commission of the alleged offense, and such location so alleged was as a matter of law beyond the territorial jurisdiction, an entirely different question would be presented.

For the reasons above stated, the order of the court below discharging the petitioner, defendant in error here, from custody, must be reversed, and it is so ordered.

Reversed and remanded.

BUFORD, C.J., AND ELLIS, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.