*Ex Parte* HARRY AULDAY.

151 So. 388.
Opinion Filed Nov. 28, 1933.
Rehearing Denied Dec. 13, 1933.

*Frank Redd, R. H. House* and *Marion B. Jennings,* for Petitioner.

DAVIS, C. J.—This is an application for a writ of habeas corpus addressed to the Supreme Court. Petitioner's application is based upon specific allegations contained in his petition from which it is gleaned that the sole basis for seeking the writ of habeas corpus is that the Circuit Judge who tried the petitioner and sentenced him to the peni-

tentiary for larceny of a steer, was disqualified, by reason of alleged prejudice, to act as the trial judge in the case. Exhibits attached to, and made a part of the petition, show that application to disqualify the Circuit Judge was made under Section 4341 C. G. L., 2674 R. G. S. The application was denied, the trial proceeded and conviction of the defendant was had.

The rule is well settled that while habeas corpus is not in any respect a technical proceeding, and the petition for the writ is not required to be in any particular form for the writ of habeas corpus to issue, yet when petitioner sets forth his whole case on the face of his petition, and the case as set forth shows clearly no ground for the writ of habeas corpus to issue in the first instance, the writ itself will be denied, as a court should not issue a writ of habeas corpus which it affirmatively appears will be of no avail to petitioner if issued. State *ex rel.* Davis v. Hardie, 108 Fla. 437, 146 Sou. Rep. 97.

The refusal of Judge Albritton to retire from the trial in accordance with proceedings instituted before him under the statute, providing for such retirement when a trial judge is challenged for alleged prejudice against the accused, is reviewable here on writ of error. But the decision of such judge on that question is not open to collateral attack even in cases where the trial judge's decision appears on its face to be clearly wrong, because made pursuant to an erroneous disregard of the statutory requirements in the premises under which he, as a judge, should have recused himself from further presiding.

It is well settled that habeas corpus cannot be used as a substitute for a writ of error. Carroll v. Merritt, 91 Fla. 893, 109 Sou. Rep. 630; Futch v. State, 101 Fla. 328, 134 Sou. Rep. 791. Whether or not a judge is disqualified by

reason of prejudice is a judicial question, which can only be tried in a direct proceeding to which the judge is a party, or by a writ of error or appeal to directly review any judgment or decree that any such alleged disqualified judge may have rendered, after he was duly challenged on the ground of prejudice in due form of law. See Conn v. Chadwick, 17 Fla. 428; *Ex Parte* Harris, 26 Fla. 77, 7 Sou. Rep. 1, 6 L. R. A. 713, 23 Am. St. Rep. 548; Bryan v. State, 41 Fla. 643, 26 Sou. Rep. 1022; Sewell v. Huffstetler, 81 Fla. 374, 87 Sou. Rep. 782. Habeas corpus is not a proper remedy to attack a criminal judgment where the judgment is not absolutely void, but voidable only as in cases where the judge has been properly challenged, but has refused to retire from a case where his prejudice as a ground of objection to his judicially acting in it at the trial, has been duly and timely interposed.

In this case the petition for the writ shows on its face that no illegality in the prisoner's detention is claimed, other than that based solely on the disqualification proceedings, therefore the writ of habeas corpus should be denied and it is so ordered.

Habeas corpus application denied.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

### ON PETITION FOR REHEARING.

DAVIS, C. J.—*Autrefois acquit* and *autrefois convict* are pleas which go to the merits in a criminal case, not to the jurisdiction of the court to proceed with the trial of the accused. This is necessarily so, since the theory of such pleas is that the court is proceeding in the subsequent trial to unlawfully put the accused in second jeopardy by trying him for a crime for which he has already once been in jeopardy. No jeopardy by a second trial for the same

offense could attach in such subsequent trial, except on the hypothesis that the court on the second trial has jurisdiction to proceed to judgment of conviction, which it is about to do in derogation of the constitutional exemption of the accused from being again put in jeopardy for the same offense. Mann v. State, 23 Fla. 610, 3 Sou. Rep. 207; O'Brien v. State, 55 Fla. 146, 47 Sou. Rep. 11; Strobhar v. State, 55 Fla. 167, 47 Sou. Rep. 4.

For the above reason no comment on the foregoing proposition was made in our opinion filed November 28, 1933, denying the writ of habeas corpus, the holding of that opinion being that *all* matters mentioned in the petition for writ of habeas are reviewable only on writ of error to the judgment of conviction.

Rehearing denied.

WHITFIELD, TERRELL and BUFORD, J. J., concur.