HAZEL PATTERSON v. C. E. CHRISTENSEN, as Sheriff of Martin County.

183 So. 18.

Opinion Filed August 2, 1938.

*G. C. Durrance,* for Petitioner;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus.

The petitioner sought to reelase on habeas corpus from detention by the Sheriff of Martin County under pretended authority of two warrants issued by the Justice of the Peace of the Second District of Martin County. It was contended and it appeared from the face of the warrants that there was no allegation or showing that the alleged offenses, or either of them, were committed within the jurisdiction of the Justice of the Peace Court of the Second District of Martin County.

The return of the Sheriff shows that the warrants under which he holds petitioner were, respectively, as follows:

"IN COURT OF JUSTICE OF PEACE
Second District
Martin County
STATE OF FLORIDA

"The State of Florida v. Hazel Patterson (col.)

"The State of Florida, to the Sheriff or any Constable of said County:

"Whereas, Willie Tillman has this day made oath before me that on the 20th day of March, A. D. 1936, in the County and District aforesaid, one Hazel Patterson, did then and there threaten to do great bodily harm to the aforesaid, Willie Tillman, and that he has cause to fear, and does fear, that the said Hazel Patterson will commit the offense so threatened, and prays the said Hazel Patterson may be required to find sureties to keep the peace; and that he does not pray that the said Hazel Patterson may be re-

quired to find sureties to keep the peace out of malice or for mere vexation, but for the cause aforesaid; ·

"THESE ARE, THEREFORE, TO COMMAND YOU forthwith to arrest the said Hazel Patterson and bring her before me to be dealt with according to law.

"Given under my hand and seal this 20th day of March, A. D. 1936.

"M. R. Cartwright, L. S.

"(Warrant) "Justice of the Peace."

"IN JUSTICE OF PEACE COURT
SECOND DISTRICT
MARTIN COUNTY
STATE OF FLORIDA

"STATE OF FLORIDA v. HAZEL PATTERSON (Col.)

"IN THE NAME OF THE STATE OF FLORIDA TO THE SHERIFF OR ANY CONSTABLE OF SAID COUNTY:

"*Whereas,* Willie Tillman has this day made oath before me that on the 20th day of March, A. D. 1936, in the County aforesaid one Hazel Patterson did then and there assault one, Willie Tillman, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Florida.

"THESE ARE, THEREFORE, TO COMMAND YOU to arrest forthwith the said Hazel Patterson and bring her before me to be dealt with according to law.

"Given under my hand and seal this 20th day of March, A. D. 1936.

"M. R. Cartwright (SEAL)
"Justice of the Peace."

The "peace warrant" sufficiently charges the offense to have been committed within the jurisdiction of the Court.

The warrant charging simple assault does not contain sufficient allegations to show that the offense was commit-

ted in the jurisdiction of the Justice of the Peace Court of the Second Justice of the Peace District of Martin County, but it does not show that the offense was not committed in that jurisdiction and it does not entirely fail to charge a criminal offense and, therefore, is not to be stricken down in habeas corpus proceedings, though the affidavit on which it is based may be subject to a motion to quash.

Habeas corpus is not the proper proceeding in which to challenge venue, except in cases where it is affirmatively shown by the record that the court attempting to restrain the accused is without jurisdiction. See Lehman v. Sawyer, 106 Fla. 396, 143 Sou. 310.

So petitioner is remanded to the custody of the Sheriff respondent to be dealt with according to law.

So ordered.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.