GLEN H. GOODMAN, APPELLANT, V. JOSEPH O'GRADY, SR., APPELLEE.

283 N. W. 213

FILED JANUARY 6, 1939.  No. 30464.

*J. A. Hayward,* for appellant.

*Richard C. Hunter, Attorney General,* and *George W. Ayres,* contra.

Heard before ROSE, C. J., PAINE, CARTER and MESSMORE, JJ., and LANDIS and KROGER, District Judges.

LANDIS, District Judge.

Glen H. Goodman sentenced for ten years from Douglas county for manslaughter, now confined in the Nebraska state penitentiary, obtained a writ of habeas corpus against the warden, seeking his release from that institution. Upon hearing the writ was denied by the district court and relator has appealed the case to this court.

The gist of relator's complaint is that his sentence has expired, his contention being that it had not been properly

and sufficiently established, as contended by the respondent, that he had escaped from the Douglas county jail while awaiting transfer to the state penitentiary after the imposition of a penitentiary sentence and had remained away for one year, three months and twelve days before his apprehension.

His attorney in argument admitted his client had been in escape, the return to the writ by the warden sets it out fully, and at the hearing below the only witness was the warden, called by the relator, who testified to it, and relator never denied it.

The return to the writ is *prima facie* evidence of the cause of detention as provided by section 29-2819, Comp. St. 1929.

In *Sanclaer v. State*, 111 Neb. 473, 196 N. W. 686, we have held that the return to the writ is evidence and *prima facie* proof of the things recited therein. Relator at the hearing offered no evidence in denial of the return showing the escape. The warden, as relator's witness, in response to the question, "When has this man's time expired as of record?" answered, "According to my records, this man is subject for release, with the time earned to date, January 24, 1939."

Relator is not entitled to have the time he is out of prison, because of his own fault, deducted from the time he will be required to serve when he is finally captured and delivered to the prison authorities to serve out the time of his original sentence.

The district court properly denied the writ, and the case is

AFFIRMED.