GEORGE E. SHELTON v. D. C. COLEMAN, Sheriff, Dade County.

187 So. 266.

Division B.

Opinion Filed March 10, 1939.

*Bart A. Riley,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *John L. Graham,* Assistant Attorney General, for Defendant in Error.

Brown, J.,—This writ of error brings before us for review an order made by Judge Arthur Gomez, one of the Judges of the Circuit Court in and for Dade County, Florida, remanding the petitioner, the plaintiff in error here, to the custody of the sheriff.

Plaintiff in error, as petitioner in the court below, filed a petition for a writ of habeas corpus in which he alleged that he was held in custody under a *capias* issued upon an information filed in the Criminal Court of Record of Dade County, charging the petitioner with selling certain beverages containing more than 14% of alcohol by weight, which beverages are described by names indicating that they consisted of some fourteen bottles of whiskey, such as "Walkers Straight Rye Whiskey," etc., without first having procured and without having a license permitting such sale of said beverages, contrary to the form of the statute in such cases made and provided.

Petitioner further alleged that he had been licensed as a vendor under Chapter 16774, Laws of 1935, which license authorized him to sell only beverages containing alcohol of more than 1% by weight and not more than 14% by weight, and wines regardless of alcoholic content. That Section 6 of said Act provides that "No beverage defined hereunder, except for the personal consumption of the vendor, his family and guests, shall be kept by a vendor in any building or room other than the building or room mentioned in his license." That the intoxicating liquor containing more than 14% of alcohol by weight described in the information was kept by the licensee for his personal consumption in the building described in his license and that the same was not kept for illegal sale.

Then the petitioner alleged that the prosecuting officials state that they will rely for conviction upon (Section 7) of

Chapter 18015, of the Laws of 1937, which Section reads as follows:

"The possession by a licensee, under the Beverage Act of 1935, in his place of business, of beverages containing more than 1% of alcohol by weight, not permitted to be sold by the licensee, shall be *prima facie* evidence that such beverages are being sold by such licensee."

The petition further alleged that this section is inapplicable for use as a basis to establish a *prima facie* case against petitioner because there is no statute in the State making it an offense to have and possess intoxicating liquor of the character described in the information, either in a man's home or in his place of business, but on the contrary that said Section 6 of Chapter 16774 inferentially authorizes the possession of such intoxicating liquor for private use in the building in which the vendor operates his private business.

In addition, the petition alleges that Chapter 16774 and 18015 are in conflict with Section 1 of Article IX, Section 5 of Article IX and Sections 1 and 12 of the Declaration of Rights of the Constitution of Florida and the 14th amendment to the Constitution of the United States. These allegations of the petition are not insisted upon in argument and will therefore not be set out in full.

The writ of habeas corpus was granted as prayed for and the respondent sheriff filed a return in which he stated that he held and detained the petitioner under and by virtue of a certain warrant issued out of the Justice of the Peace's Court for the Fifth District of Dade County, attaching thereto a copy of the warrant, which warrant charged that the defendant on a certain day did then and there have in his possession and sell intoxicating liquor without first obtaining a license for his place of business, situated at 1618 Alton Road, Miami Beach, Florida, contrary to the statute

in such cases made and provided; a copy of which warrant of arrest was attached to the return.

The Sheriff's return says nothing about the *capias* issued upon an information filed in the Criminal Court of Record which the petitioner in his writ alleged was the authority upon which the sheriff was holding the petitioner in custody.

Paragraph (h) of Section 11 of Chapter 16774 provides that "It shall be unlawful for any licensee under this Act to make sales of any of the beverages mentioned in this Act except such beverages as such licensee is permitted by his license to sell, or to sell such beverages in any manner except that permitted by his license."

It is evidently under this portion of the Statute that the information was filed.

Section 13 of Chapter 16774 provides that "All liquor, wines and beers containing more than 3.2 per cent of alcohol by weight shall be deemed and held to be intoxicating liquors, wines and beers."

Of course it is unlawful to sell intoxicating liquors without a license, and while the warrant attached to the sheriff's return is somewhat vague in its language, it does not wholly fail to charge an offense.

The attorney for the petitioner Shelton and the State Attorney representing the respondent sheriff entered into a stipulation, in which it was stated that Shelton had a duly issued license under which he was permitted to sell wines and beers as alleged in his petition, and that on the date named in the information the petitioner had in his possession in the place specified in the license, which was his place of business, intoxicating liquors containing more than 14% by weight of alcohol, describing each bottle, the name of which indicated whiskeys, some 13 or 14 bottles in all, and that the same were not wines. Further, that the li-

cense held by Shelton did not permit him to sell the described intoxicating beverages.

The able counsel for the petitioner desires a ruling from this court in this case upon the validity of Section 7 of Chapter 18015, hereinabove set forth. That section provides that the possession by a licensee in his place of business of alcoholic beverages, not permitted to be sold under his license, shall be *prima facie* evidence that such beverages are being sold by such licensee.

The basis for asking a ruling of this court on this question is the allegation in the petition for the writ that the prosecuting officials state that they will rely for conviction upon said section.

This section of the statute prescribes a rule of evidence. It is not contended that either the information filed by the County, Solicitor or the warrant issued by the Justice of the Peace wholly fail to charge any offense against the laws of this State; nor is it alleged in the petition or contended in argument that the Criminal Court of Record of Dade County is without jurisdiction to try the criminal charge set forth in the information, nor is it contended that the Justice of the Peace was without jurisdiction to issue the warrant under which the Sheriff was or is holding this petitioner.

It is not the proper office of a writ of habeas corpus to obtain a ruling on a question of evidence before a trial is had. The question is whether or not the petitioner is being illegally detained in the custody of the sheriff.

In the case of Vasquez v. State, 49 Fla. 126, 38 So. 830, it was held that the use of the writ of habeas corpus to test the sufficiency of the evidence upon which an information may have been based is disapproved. In the case of White v. Penton, 92 Fla. 837, 110 So. 533, this Court, speaking unanimously through Mr. Justice STRUM, said:

"That the Act prohibits as unlawful the possession of mullet of less than the size specified, when caught in the waters of Florida, is not questioned. The charge *as made* therefore does not wholly fail to state an offense under the statute within the rule stated in *ex parte* Prince, *supra,* and *in re* Robinson, *supra,* on the contrary the act *charged* against the petitioner in the affidavit, warrant and commitment pursuant to which he is detained is clearly an offense under the statute. Even though we might hold that the possession of mullet lawfully acquired in Alabama and imported into Florida was not an offense under the Act, the facts stated would not reach the legality of petitioner's detention under the charge made against him, but would merely present a question of petitioner's guilt or innocence of the offense charged, that is, whether or not he has committed that offense. The object of the writ of habeas corpus is not to determine whether a person has committed a crime, of the justice or injustice of his detention on the merits, but whether he is legally imprisoned, or restrained of his liberty. Horner v. U. S. 143 U. S. 57; 36 L. Ed. 266; *Ex parte* Crouch, 112 U. S. 178; 28 L. Ed. 690; Cross v. Foote, 88 S. E. Rep. 594; Crowley v. Gannon, 186 Pac. Rep. 117; People v. Quigley, 134 N. Y. Supp. 953; 29 C. J. 24. The use of the writ of habeas corpus to test the sufficiency of the evidence upon which a charge may have been based is not sanctioned by this Court. State v. Vasquez, 49 Fla. 126, 38 South. Rep. 830. See also *Ex parte* Prince, *supra,* and *In re*: Robinson, *supra*. Nor is that writ available to review the sufficiency of a substantive defense. See: Hass v. Hinkle, 216 U. S. 462; 54 L. Ed. 569; In re: Corum, 62 Pac. Rep. 661; 12 R. C. L. 1244. We, therefore defer, until it is properly presented, upon writ of error or otherwise, the question of whether or not the possession of fish of a smaller size than that specified in the Act, when lawfully acquired in another State, is forbidden by the Act."

In the case of French v. Turner, 103 Fla. 425, 137 So. 521, this Court, speaking through Mr. Chief Justice BUFORD, held that where the indictment is valid on its face, the writ of habeas corpus should be quashed, although the petitioner may have a valid defense on account of the running of the statute of limitation; that whether or not the statute had so run as to bar the prosecution under the facts was a proper matter to be determined on the trial, and that if any error should occur in the determination of such question, it could be corrected on writ of error.

And in Lehman v. Sawyer, 106 Fla. 396, 143 So. 310, this Court said:

"It would disturb the orderly course of the administration of the criminal law if defendants were permitted to anticipate the regular trial of the case in the court vested with jurisdiction by asserting their defense before the judge of some other court upon habeas corpus proceedings."

The function of the writ of habeas corpus is not primarily to determined whether a person has or has not committed a crime, or the justice or injustice of his detention on the merits, of his guilt or innocence of the crime charged, but to determine whether he is or is not legally imprisoned or restrained of his liberty. Skipper v. Schumacher, 124 Fla. 384, 169 So. 58.

The general rule is that the prisoner should not be discharged on habeas corpus unless the allegations contained in the affidavit, warrant, information or indictment (or copies issued thereon) wholly fail to state an offense; or unless it appears that the court issuing the process is without jurisdiction so to do, or that statute or ordinance upon which the charge is based is invalid or unconstitutional and void. See 29 C. J. 18, 19, 44-47.

One exception to this rule which has been recognized by

this Court is where a person is held under process issuing from a committing magistrate under a state of facts which constitute no offense under the law.   McLeod v. Chase, 95 Fla. 736 (a), 116 So. 858.

A writ of habeas corpus is thus designed to test solely the question of the legality of the petitioner's imprisonment or detention.   Haile v. Gardner, 82 Fla. 355, 91 So. 376; *Ex parte* Amos, 93 Fla. 5, 112 So. 289.

The main question which the plaintiff in error here wishes us to determine is the validity of Section 7 of Chapter 18015, of the Laws of 1937.   He propounds the question whether a licensee under the Beverage Statute can be legally convicted of selling liquors not authorized to be sold by his license solely upon proof of his possession of such liquors.

While we are not called upon to decide this question in advance of a trial, we might observe in passing that this section of the statute does not promulgate a conclusive presumption, but only a *prima facie* presumption, which the accused will have full opportunity to rebut when he is tried.

In this connection we might call attention to the fact that in the case of Goldstein v. Maloney, 57 So. 342, 62 Fla. 198, this Court said:

"It is competent for the Legislature to create by law *prima facie* presumptions of evidence without denying due process of law, where such presumptions may be a natural or reasonable inference from the facts or circumstances from which the presumptions are raised by the statute, and the opposite party is not deprived of the right to rebut the presumption in some fair manner duly provided or accorded by the rules of law or procedure.  Lindsley v. Natural Carbonic Gas Co., 220 U. S. 61, 31 Sup. St. 337, 55 L. Ed. 309; Mobile, Jackson & Kansas City R. Co. v.

Turnipseed, 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226; Campbell v. Skinner Mfg. Co., 53 Fla. 632, 43 South. 874."

The following is from the opinion of this court in the case of Black v. State, 81 So. 411, 77 Fla. 289:

"Legislation, providing that proof of one fact shall constitute *prima facie* evidence of the main fact, is within the general power of government to enact rules of evidence; and neither due process of law nor equal protection of the law is denied if there is a rational connection between the fact and the ultimate fact presumed, and the party affected is afforded reasonable opportunity to submit to the jury all the facts of the issue. Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912 A, 463; Luria v. United States, 231 U. S. 9, 34 Sup. Ct. 10, 58 L. Ed. 101."

The rule expressed in the decisions of the Florida Supreme Court hereinabove referred to is the one which is generally recognized by most courts. See annotation at 51 A. L. R., page 1139, text pages 1141 to 1149. The rule that possession of intoxicating liquor may be made by statute *prima facie* evidence of violation of laws regulating the sale of such beverages is established by the great weight of authority. The question whether such possession is itself a crime is not determinative. This subject is considered in an annotation contained in 31 A. L. R. 1222.

For the reasons above pointed out the order of the court below remanding the petitioner to the custody of the respondent sheriff is affirmed.

Affirmed.

WHITFIELD, P. J., and CHAPMAN, J., concur.

THOMAS, J., concurs in the conclusion.

Justices TERRELL and BUFORD not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.