This is an original proceeding in habeas corpus brought by relator, Jeffie L. McClure, to test the validity of an indictment charging her with murder in the first degree, returned on the 23d day of June, 1949, by the Grand Jury of Dade County, Florida.
The relator first filed a motion in the Circuit Court to quash this indictment on the ground that the Dade County Grand Jury, consisting of eighteen men, impaneled on the 10th day of May, 1949, which returned said indictment, had been discharged by operation of law by virtue of Chapter 25554, Laws of Florida 1949, which became effective the 13th day of June, 1949, and which provided that the Grand Jury in all counties having a population of 315,000 or more, according to the last State or Federal Census (Dade County being the only county in this classification at this time), shall consist of twenty-three Grand Jurors. Said act further provided that fifteen members of such Grand Jury shall constitute a quorum and may transact business, and that the concurrence of twelve members shall be required to present or indict.
The Honorable George E. Holt, Senior Circuit Judge, entered a written order and opinion denying relator's motion to quash and holding Chapter 25554, Laws of Florida 1949, to be unconstitutional.
Whereupon the relator, Jeffie L. McClure, filed her original petition for writ of habeas corpus in this Court which said writ was issued on the 13th day of September, 1949. The Sheriff of Dade County made return thereon and says that he holds the said relator by virtue of a capias issued pursuant to an indictment charging the relator with murder in the first degree.
The fact that this proceeding is not a direct appeal from the order denying the motion to quash but is here on petition for writ of habeas corpus is important and should be constantly borne in mind. As is well known, the fundamental province of a writ of habeas corpus is for the court to determine the sole question of whether the relator is illegally restrained of his liberty against his will. 25 Am.Jur., Habeas Corpus, Sec. 2, p. 143; Allison v. Baker, 152 Fla. 274, 11 So.2d 578; McNally v. *Page 440 
Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Bailey on Habeas Corpus, Vol. 1, Sec. 2, p. 6; Church on Habeas Corpus, Sec. 87, p. 84; Lehman, Sheriff, v. Sawyer, 106 Fla. 396, 143 So. 310.
In determining whether or not this petitioner is confined to jail by the Sheriff without authority of law and against her will it is only necessary and indeed under our rule only proper, Carson's Common Law Pleading, Chap. XIV, Sec. 6, p. 185; Shelton v. Coleman, 136 Fla. 625, 187 So. 266; Lehman, Sheriff v. Sawyer, supra; State ex rel, Padgett v. Windham, 120 Fla. 206,162 So. 501, for us to decide the validity vel non of the indictment which charges the relator with murder in the first degree. The question of the constitutionality of Chapter 25554, Laws of Florida 1949, may or may not become an appropriate matter for our determination.
The Grand Jury which returned the indictment against the relator was, as previously stated, impaneled on the 10th day of May, 1949. Chapter 25554, became effective on the 13th day of June 1949. The real question before us is whether said Grand Jury was discharged by operation of law by virtue of the passage of Chapter 25554. It is contended by counsel for relator that this question should be answered in the affirmative. He argues that the Grand Jury existing on the effective date of said act, to-wit June 13, 1949, ceased to exist upon that date because said act not only provided that it should "take effect immediately upon its passage and approval by the Governor or upon becoming a law without the Governor's approval" but that it also repealed "all laws and parts of laws in conflict" therewith and that such provisions have the effect of repealing Section 905.01, Florida Statutes 1941, F.S.A., insofar as its application in Dade County, Florida, is concerned. Upon this premise he concludes that the Grand Jury consisting of only eighteen members became non-existent and that its actions after June 13, 1949, were void and of no effect. More specifically he charges that the indictment returned against the relator is null and void.
We believe counsel falls in error in failing to recognize the distinction between acts or things taken or done under valid existing law before the repeal of such law and acts or things attempted to be taken or done under the authority of such law after it has been repealed. The eighteen-man Grand Jury was lawfully constituted and impaneled May 10, 1949, and no attempt has been made since June 13, 1949, to again summon and impanel another eighteen-man Grand Jury as provided for in Section905.01, Florida Statutes 1941, F.S.A.
There is a substantial difference between an attempt to establish an eighteen-man Grand Jury after the effective date of Chapter 25554 and merely permitting the eighteen-man Grand Jury legally impaneled to continue to act as such for and during the remainder of the then existing term of Circuit Court.
During the 1949 legislative session a law was enacted, Chapter 25529, the full significance of which apparently escaped counsel who argued this case and filed briefs herein. Said act provides in Section 1 as follows: "In all counties having a population of 315,000 or more according to the last State or Federal Census,the grand jury shall not be discharged nor adjourned sine die, until the succeeding grand jury for the following term of Court is summoned, impaneled and convened * * * That all grand juriesin said counties shall continue in force and effect as a grand jury with full powers to function regardless of intervening terms of Circuit Court and until superseded by the summoning, impaneling and convening of the next succeeding grand jury at a subsequent term of Court." (Italics supplied.) We find no verbiage in Chapter 25529 which declares or for that matter indicates that its provisions are inapplicable to the Grand Jury which existed at the time of the passage of said law. The provision that "all grand juries in said counties shall continue in force and effect * * *" means each and every Grand Jury existing at the time of the passage of said law as well as each and every one subsequently *Page 441 
impaneled. Nothing is contained in said law which makes it dependent upon the passage of Chapter 25554, nor is there anything contained in either to tie said laws together or make them inter-dependent. We recognize the well established principle of law that statutes must be construed in pari materia with all other laws upon the same or similar subjects but we find no reason to hold that Chapter 25529 would not be as effective as it otherwise is if Chapter 25554 had not been enacted. In other words, Chapter 25529 expressly continued the eighteen-man Grand Jury impaneled in May, 1949, in full force and effect until it is "superseded by the summoning, impaneling and convening of the next succeeding grand jury at a subsequent term of Court." No reason exists to search for implied intent. There is no room for implication when the legislative intent is manifest.
It is crystal clear that the legislature intended to provide for twenty-three Grand Jurors in counties having a population of more than 315,000 when it enacted Chapter 25554, Laws of Florida 1949. There is, however, no language in the act which definitely does, or shows an intention to, dismiss or discharge the eighteen-man Grand Jury in existence at the time of its passage. Indeed, it is unreasonable to presume that the legislature intended that said Grand Jury should cease to exist on June 13, 1949, or at any time before the summoning, impaneling or convening of a Grand Jury of twenty-three members as provided by said law because Chapter 25529 patently was enacted for the purpose and with the avowed intention of providing (from and after June 13, 1949) the continuous services of a Grand Jury in Dade County.
There is no provision in Chapter 25554 which requires the summoning, impaneling and convening of a twenty-three-man Grand Jury on June 13, 1949, or upon any specific date. It is therefore reasonable to conclude that the legislature intended the twenty-three-man Grand Jury should be impaneled at the ensuing term of circuit court in Dade County. Unless the eighteen-man Grand Jury continued to serve until it was superseded by the twenty-three-man Grand Jury, the obvious purpose of the legislature in enacting Chapter 25529 would be defeated.
We find nothing in the law to sustain the contention that the eighteen-man Grand Jury was discharged by virtue of the passage of Chapter 25554 or that it should not continue its existence until a twenty-three man Grand Jury should supersede it to the end that the legislative purpose and intention be effectuated.
The law has been well established by this Court in many cases that one who would challenge the constitutionality of a legislative act must show that it affects him adversely. In re De Woody, 94 Fla. 96, 113 So. 677; Ex parte Smith, 100 Fla. 1,128 So. 864; Boyd v. State, 33 Fla. 316, 14 So. 836; Stinson v. State, 63 Fla. 42, 58 So. 722; Steele v. Freel, 157 Fla. 223, 25 So.2d 501.
The relator here does not charge that Chapter 25554 in any manner infringes upon, invades or denies to her, or destroys, any of her rights, privileges and immunities which are guaranteed by our Constitution and Bill of Rights. Indeed, it is her contention that the charge against her should have been considered by a twenty-three-man Grand Jury as provided in the "self-same" law. Rather than challenge she would invoke it. Consequently, it is not only unnecessary but improper for us to pass upon or discuss the question of the constitutionality of Chapter 25554, Laws of Florida, 1949.
It is thereupon ordered that the writ of habeas corpus be and it is hereby discharged and the petitioner, Jeffie L. McClure, is hereby remanded to the custody of the respondent, Jimmy Sullivan, as Sheriff of Dade County, Florida.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.
ROBERTS, J., concurs specially.
CHAPMAN, J., dissents.