49 So.2d 794 (1951)
SULLIVAN, Sheriff,
v.
STATE ex rel. McCRORY.
Supreme Court of Florida, Division A.
January 5, 1951.
*795 Richard W. Ervin, Atty. Gen., Murray Sams, Jr., Asst. Atty. Gen., Glenn C. Mincer, State Atty., Robert R. Taylor, County Solicitor, Miami, and V.B. Rutherford, Asst. County Solicitor, Miami Beach, for appellant.
Hunt, Salley & Roman, Miami, for appellee.
ROBERTS, J.
The appellee was arrested on March 21, 1950, on a capias issued by the Criminal Court of Record of Dade County, Florida, to answer to an Information filed in said court by the County Solicitor and, on March 23, 1950, filed his Petition for Writ of Habeas Corpus in the Circuit Court of said county to obtain his release from custody. At the time of filing his petition, the appellee, who had been released from custody on the recognizance of his attorney, voluntarily submitted his person to the custody of the sheriff, temporarily and for the purpose of procuring the writ. The trial judge issued the writ forthwith, returnable to the same day, refusing the request of the state for time in which to prepare and file a return, and proceeded immediately to hear the testimony of witnesses (being the state's witnesses whose names were endorsed on the back of the Information). The taking of testimony was continued to and completed on the following day, March 24th, on which date the sheriff, appellant here, filed his return to the writ. On April 4th, the trial judge entered an order discharging the appellee from custody, on the sole ground that there was a total lack of evidence to sustain the charge. Appeal on behalf of the state has been perfected from such final judgment.
Prior to the taking of testimony, counsel for the appellant presented orally a motion to quash the petition, which may be treated as a motion to dismiss, see State ex rel. Rasco v. Rasco, 139 Fla. 349, 190 So. 510, on the grounds, among others, that the petition failed to allege any facts to warrant the issuance of the writ, and that the petitioner was out on bond and therefore not restrained of his liberty. This motion was denied, and the court's order denying such motion is here assigned as error. This assignment is well taken.
The petition filed by appellee alleged the fact of his arrest "upon a purported capias or warrant of the Criminal Court of Record of Dade County predicated upon *796 an Information filed by the County Solicitor for said County purporting to charge petitioner with the offense of counseling and procuring another to burn a boat of a third party with felonious and willful intent to defraud an insurer of said boat." As grounds for his claim that he was unlawfully restrained of his liberty, appellee alleged that "there is no evidence whatever to sustain the aforesaid charge in that (a) petitioner was not within the City of Miami, Dade County, or the State of Florida at the time of the alleged offense, and (b) petitioner did not counsel or procure, to any extent or in any respect, the burning of said boat, either for the purpose of defrauding an insurer or otherwise." There were three other grounds alleged, all of which were without merit, and which will not be discussed in this opinion.
The statute, Section 79.01, Florida Statutes, same F.S.A., requires that, before the writ shall issue, the petitioner shall show "probable cause to believe that he is detained in custody without lawful authority". While the allegations of a petition will not be scrutinized too closely as to the form of expression, it is well settled that the writ should not be allowed where the petition does not make a prima facie showing that the applicant is entitled to be discharged from custody. See ex parte Aulday, 113 Fla. 70, 151 So. 388; State ex rel. Davis v. Hardie, 108 Fla. 133, 437, 146 So. 97; Ex parte Tail, 145 Neb. 268, 16 N.W.2d 161, and cases there cited; Conley v. Cox, 8 Cir., 138 F.2d 786; Helms v. Humphrey, D.C., 63 F. Supp. 4; 25 Am. Jur., Habeas Corpus, Sec. 131, p. 238. The allegations of the petition fail in this respect, as they present no issues justiciable in a habeas corpus proceeding.
The allegation designated (a),  that appellee was "not within the city" at the time of the alleged offense  is no defense to the crime charged; and, even if it were, such defensive matter is not properly presented in a habeas corpus proceeding. See Lehman v. Sawyer, 106 Fla. 396, 143 So. 310. The second allegation designated (b) is simply a statement that appellee is not guilty, and it is well settled that the question of the guilt or innocence of one accused of crime is not justiciable in habeas corpus. Skipper v. Schumacher, 124 Fla. 384, 169 So. 58; Shelton v. Coleman, 136 Fla. 625, 187 So. 266.
And even if we consider that appellee alleged, without qualification, that "there is no evidence whatever to sustain the aforesaid charge," his petition must still fail. The petition alleged that appellee was held under an Information filed in the Criminal Court of Record, which Information bears the sworn statement of the County Solicitor that the "allegations as set forth in the foregoing Information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged." The appellee must be held to know that there was some kind of evidence against him, so that the allegation of "no evidence whatever" is, without more, a nullity.
The other ground of appellant's motion to dismiss, above referred to, was also well taken. It was admitted at the hearing that the appellee had been released from custody on the recognizance of his attorney, and that he had voluntarily submitted himself to the custody of the sheriff only temporarily, and solely for the purpose of securing the writ. Under such circumstances, the writ should have been denied. See 25 Am.Jur., Habeas Corpus, Sec. 24, p. 158; In re Whisenhunt, 75 Okla. Cr. 313, 131 P.2d 134; Ex parte Powell, 191 Wash. 152, 70 P.2d 778; Ex parte Stanridge, 23 Cal. App.2d 95, 72 P.2d 162; Ferree v. Douglas, 145 Pa.Super. 447, 21 A.2d 472.
The trial judge should have dismissed the petition, upon the motion of appellant, and his refusal to do so was error.
The appellant also requests this court to decide whether the trial judge erred in allowing the petitioner to adduce testimony concerning the evidence upon which the Information was based; and, because of the importance of the procedural question, we will set forth our views.
*797 As heretofore noted, the trial judge granted the writ forthwith, refused to grant a continuance to the state so that a return could be prepared and filed prior to hearing, and proceeded immediately to take testimony, evidently to prove the allegations of the petition. This was error. In habeas corpus proceedings, the return is directed not to the petition, but to the writ; and the issues are framed upon the return and the denial or other controversion of the material matters set forth in the return, without reference to the petition for the writ. 25 Am.Jur., Habeas Corpus, Sec. 137, p. 241; Jensen v. Sevy, 103 Utah 220, 134 P.2d 1081; Ex parte Tail, 144 Neb. 820, 14 N.W.2d 840; Jung Woon Kay v. Carr, 9 Cir., 88 F.2d 297; In re Egan, 24 Cal.2d 323, 149 P.2d 693. It should also be noted that, although the officer's return to the writ is not conclusive of the facts stated therein, Section 79.06, Florida Statutes, same F.S.A., the allegations of the return are taken as true until impeached, and evidence is not needed to support an uncontroverted return. Setser v. Caldwell, 300 Ky. 356, 188 S.W.2d 451; Goodman v. O'Grady, 135 Neb. 612, 283 N.W. 213; Ex parte Potens, D.C., 63 F. Supp. 582; Brewster v. Villa, 5 Cir., 90 F.2d 853; Morris v. State, 27 Ala.App. 165, 167 So. 740.
It was therefore error to take testimony prior to the filing of the return to the writ, and prior to the proper joinder of issue thereon, even if the petition had been a proper basis for the issuance of the writ.
At the risk of lengthening this opinion unduly, we wish to make clear that the use of the writ of habeas corpus to test the sufficiency of the evidence upon which a charge may have been based is not sanctioned by this court. See State v. Vasquez, 49 Fla. 126, 38 So. 830; Lehman v. Sawyer, 106 Fla. 396, 143 So. 310; Shelton v. Coleman, 136 Fla. 625, 187 So. 266; Sylvester v. Tindall, 154 Fla. 663, 18 So.2d 892. The rule against testing the sufficiency of the evidence on habeas corpus does not apply, however, where a person is held solely under process issuing from a committing magistrate. In such case it is proper in habeas corpus proceedings to review the evidence adduced before such magistrate to determine whether there exists "probable cause" that the accused has committed the crime since the existence of "probable cause" is a sine qua non to the validity of the magistrate's commitment  it is essential to the magistrate's jurisdiction to make the commitment. See Section 902.14, Florida Statutes, same F.S.A.; McLeod v. Chase, 95 Fla. 736a, 116 So. 858; Shelton v. Coleman, supra; Ex parte Fortune, 126 Fla. 539, 171 So. 310. Thus, a review, on habeas corpus, of the evidence taken by the magistrate is for the sole purpose, in effect, of determining whether the evidence authorized the magistrate to assume the jurisdiction to commit the accused.
Where, however, an information, valid on its face, is filed in a competent court of record, which has jurisdiction over the person of the defendant, as well as the offense charged, the jurisdiction to try the case is vested in such court; and the due and proper administration of public justice requires that it be allowed to proceed to a final determination of the cause without interference from any other tribunal.
While we do not wish to state that the writ of habeas corpus can never, under any possible state of facts, be used to examine the evidence upon which a prosecuting officer acted in presenting an Information, we think that great caution should be used in granting the writ solely for that purpose  not only to insure the orderly course of the administration of the criminal law, but also to prevent the use of the writ as a "fishing expedition" to discover the state's evidence.
For the reasons stated, the judgment sustaining the writ and discharging the appellee should be reversed, the writ dismissed, and the appellee remanded, to be dealt with according to law.
It is so ordered.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.